# THE CITY OF JOLIET.

*v.*

# AMELIA H. VERLEY.

1. HIGHWAYS, STREETS, SIDEWALKS, BRIDGES — *duty of municipal corporations to make and repair them.* Cities are under a political obligation to open such streets as the convenience of the community requires; but courts cannot compel the performance of such a duty, or hold them responsible for its non-performance.

2. The legal obligation of a city to repair highways, streets, sidewalks and bridges within its corporate limits, is one voluntarily assumed by its corporate authorities, and relates to such as are opened or constructed, or allowed to be opened or constructed, under its authority, and those which its officers assume control over for that purpose.

3. So, the trustees of a canal cannot, by building a bridge over their canal within the limits of a city, impose upon the city the burden of keeping it in repair. Until the city assumes control over a bridge erected without its assent or authority it is not liable for its not being kept in repair.

4. Nor is a city under any obligation to make approaches or passage-ways to a bridge so erected, for the convenience of its citizens. Its obligation in this respect is the same as that in relation to opening new streets.

5. Where a bridge is erected across a canal within the corporate limits of a city, without the authority of the city, so long as the trustees of the canal do not object, the city has ample authority to make approaches to the bridge and exercise control over them.

6. And where the city, in the exercise of its authority, undertakes to make the passage-ways to a bridge erected under such circumstances, there can be no doubt

of its obligation so to exercise its authority as not to endanger the lives or limbs of its inhabitants.

7.  If stone steps leading from an abutment of the bridge are so situated that no approach can be made which will be safe for the passage of travelers, it is a gross violation of duty on the part of the city to undertake to make one.  Cities have no right to set man-traps throughout their limits, and excuse themselves from liability for injuries resulting therefrom on the ground that the localities are such that they could not render the places where they were set safe and secure.  If they cannot construct works so that they will be safe and secure, they can let them alone.

8.  A city is grossly derelict in its duty in constructing a passage-way along a precipice without having sufficient guards for the protection of travelers.  It does not require an expert to show that a narrow passage-way along a precipice of twelve feet, where a mis-step or the slightest accident may precipitate the traveler headlong therefrom, is not the degree of safety and security which the law requires.

9.  In this case the passage-way to the bridge was made of boards or plank which had become loose and warped, so that a step upon them was not firm.  A lady in the act of stepping from the bridge upon this walk caught her dress upon a protruding nail in the flooring of the bridge, and in turning to relieve it one of the boards upon which she was standing tipped, and she was precipitated down a flight of stone steps which led down immediately from the abutment of the bridge to the bank of the canal, a distance of some twelve feet.  There were no guards or railing by the aid of which the fall might have been avoided.  It appearing that there was no want of prudence and care on the part of the person injured, but the injury being attributable to the insecure condition of the walk, conspiring with the accidental cause, the city was held liable.

10.  The rule is, that " where the loss is the combined result of an accident, and of a defect in the road, and the damage would not have been sustained but for the defect, although the primary cause be a pure accident, yet if there be no fault or negligence of the plaintiff, if the accident be one which common prudence and sagacity could not have foreseen and provided against, the town is liable."

WRIT OF ERROR to the Circuit Court of Du Page county; the Hon. ISAAC G. WILSON, Judge, presiding.

This was an action on the case instituted by Amelia H. Verley against the city of Joliet, in the Circuit Court of Will county, and afterwards removed on change of venue into the Circuit Court of Du Page county.

The action was brought to recover damages for injuries received by the plaintiff in falling from a sidewalk down a number of stone steps, in said city, the accident being occasioned, as is alleged, by the insecure condition of the sidewalk which it

was the duty of the city authorities to keep in repair. The defendant pleaded the general issue, and the cause came on for trial before a jury.

It appears from the evidence, that the trustees of the Illinois and Michigan canal had erected a bridge across the canal within the corporate limits of the city of Joliet, which afforded a crossing in one of the streets of the city, known as Exchange street. On one side of the bridge was a sidewalk designed for foot passengers. The city authorities undertook to make passage-ways to the sidewalk upon the bridge from the sidewalks upon the street, such passage-ways running diagonally, as the street was wider than the bridge. At the west end of the bridge there was a step or two down to the walk-way so provided by the city, and at the foot of those steps there were two planks side by side, not fastened down, and very much warped so as to render it difficult for persons to walk steadily upon them. Just at this abutment of the bridge there was a flight of stone steps leading from the passage-way down some ten or twelve feet to the bank of the canal. The plaintiff was crossing the bridge and when in the act of stepping from the end of the bridge upon one of the loose planks mentioned, the skirt of her dress caught upon a nail or spike which protruded from a plank in the bridge, and while turning to relieve it, the plank upon which she was standing tipped, and she was precipitated down the stone steps to the bank of the canal, whereby she received considerable injuries. There was no railing or other protection by the use of which the fall might have been avoided.

The evidence taken upon the trial was quite voluminous, consisting, in a great part, of the opinions of witnesses as to whether the passage-way, at the place where the accident happened, was reasonably secure for the passage of persons using ordinary prudence. But it is not necessary to present the evidence in detail, as it would not aid in understanding the rule of decision adopted by the court.

The Circuit Court gave the following instructions to the jury, on behalf of the plaintiff:

The defendant is bound to keep and maintain its streets and

sidewalks in good and sufficient repair and reasonably safe for all persons passing on and over the same, and if the jury believe from the evidence, that the defendant failed to keep its sidewalks in such repair and that the injury complained of by the plaintiff resulted from that cause, without negligence or want of care on her part, the law is for the plaintiff and she is entitled to recover.

If the jury believe, from the evidence, that the injury complained of by plaintiff would not have happened to her if the said sidewalk had been in suitable repair, the defendants are liable to her in damages if she exercised reasonable care in passing over said sidewalk.

Reasonable care, mentioned in these instructions, means that degree of care which may be reasonably expected from a person placed in the plaintiff's situation at the time of the alleged injury.

If the jury believe, from the evidence, that the plaintiff was injured by reason of the defendant negligently failing to keep their sidewalk in proper and suitable repair and allowing the same to remain so out of repair and without fault on her part, they then have a right to find for her such damages as will compensate her for the personal injuries so received by her — for her loss of time in endeavoring to be cured and her expenses incurred in respect thereof, the pain and suffering undergone and any permanent injury and consequent pecuniary loss; and especially so, if the jury believe from the evidence, that such injuries so received have caused a disability for further exertion.

The defendant had no right to place any obstructions on or near said sidewalk, nor had they a right to allow any one else to do so, or permit any obstruction to remain on or near said sidewalk an unreasonable time; if they have done so they are liable if such obstruction caused the injury complained of in case the plaintiff used reasonable care.

The defendant is bound by law to use all the care and diligence necessary to render the said passage-way at the west end of the canal bridge reasonably safe; and if the jury believe

from the evidence that the stone stairs spoken of by the witnesses rendered said passage-way more unsafe than it otherwise would have been, then it is proper that the jury should take into consideration in determining whether the defendant used the care and diligence necessary to make said passage-way reasonably safe under the circumstances.

The following were given on behalf of the defendant:

The defendant is not bound to any greater diligence than to keep the streets and sidewalks reasonably safe, and if any accident occurred when they were reasonably safe, the defendant is not liable for such accident.

If the jury believe, from the evidence, that the place where the accident occurred was necessarily more dangerous than the ordinary streets and sidewalks, then the plaintiff was required to use more than ordinary care and diligence to avoid accident, and if in such case she failed to use such care and diligence in proportion to the danger, she cannot recover.

Before the plaintiff can recover in this case, she is bound to prove affirmatively, not only that the defendant was guilty of negligence, but she must affirmatively prove that she was using at the time of the accident all the care and diligence that a reasonable person would ordinarily use in passing a place of that description. That in this case the burden of proof is not upon the defendant to prove want of care in passing, but upon the plaintiff to prove that she did pass with such caution.

Under the pleadings in this case the plaintiff cannot recover for any want of railing or fixtures north of the passage-way at the west end of the bridge given in evidence, but must be confined entirely for cause of action to the condition of the plank and sidewalk.

The jury have a right to take into consideration the existence of the stone steps in judging whether or not the passage-way was dangerous, - but even if they should believe from the evidence that the passage way could be made more safe by removing the stone steps given in evidence further north, yet under the pleadings in this case the omission of the defendant to remove them cannot be made an independent ground of action.

The jury returned a verdict in favor of the plaintiff for $1,500; a motion for a new trial was overruled, and a judgment entered upon the verdict.

Thereupon, the defendant sued out this writ of error.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

The canal trustees built a bridge across the Illinois and Michigan canal, within the corporate limits of the city of Joliet; over which all persons were allowed to pass and repass at pleasure. In determining the liability of the appellant in the case under consideration, it is unnecessary to consider its authority respecting the bridge, or its obligation to keep it in repair. The canal trustees could not, by building a bridge, impose upon the city the burden of keeping it in repair. The legal obligation of a city to repair highways, streets, sidewalks and bridges within its corporate limits, is one voluntarily assumed by its corporate authorities and relates to such as are opened, or constructed, or allowed to be opened or constructed, under its authority, and those which its officers assume control over for that purpose. Until the city assumes control over a bridge erected without its assent or authority it is not liable for its not being kept in repair. Nor do we deem it necessary to consider the authority of the city over the abutments and approaches to the bridge, with reference to an infringement of the rights of the canal trustees. The city was under no obligation to make approaches to the bridge for the convenience of its citizens. Its obligation in this respect was the same as those in relation to opening new streets and building market houses. Cities are under a political obligation to open such streets and build such market houses as the convenience of the community requires: but courts cannot compel the performance of such duties, or hold them responsible for their non-performance. The canal trustees have never objected that the city made such approaches to the bridge as it thought proper; and so long as they did not object, the city had ample authority to make the approaches and exercise control over them.

The city, in the exercise of its authority, undertook to make passage-ways to the bridge, and there can be no doubt of its obligation to exercise its authority so as not to endanger the lives or limbs of its inhabitants. If stone steps leading from an abutment of the bridge, were so situated that no approach could be made which would be safe for the passage of travelers, it was a gross violation of duty on the part of the city in undertaking to make one. Cities have no right to set mantraps throughout their limits, and excuse themselves from liability on the ground that the localities are such that they could not render the places where they were set, safe and secure. If they cannot construct works so that they will be safe and secure, they can let them alone. There is no law requiring city corporations to beguile unsuspecting travelers upon dangerous streets and walks with an assurance of safety. We have no hesitation in saying that the city was grossly derelict in its duty in the construction of the passage-way in question, without having sufficient guards for the protection of travelers. It does not require an expert to show that a narrow passage-way along a precipice of twelve feet, where a misstep or the slightest accident might precipitate the traveler headlong therefrom, is not the degree of safety and security which the law requires. It is not material whether the expense of rendering the walk safe would have been large or trifling, as the city should have forborne to construct the walk if they could not incur the expense of making it safe. The neglect of duty complained of, is that the surface of the walk was not kept in repair. After the city had constructed a walk, it was its duty to keep it in such repair as to enable travelers safely to pass over it.

The walk was made of boards or plank which had become loose and warped, so that a step upon them was not firm. The evidence abundantly establishes that the footing of the walk was insecure. It was so narrow that two persons could not conveniently pass over it abreast; on one side the street was raised considerably above the walk, and on the other side there was a precipice of twelve feet. We are of the opinion that

travelers have a right in passing along such a place to have, at least, a secure footing, and that it was the duty of the city to provide one. Loose planks, so warped that a traveler cannot step upon them without dangerous oscillation, may, in the opinion of witnesses, make a safe walk over such a place, but they do not furnish a walk having that degree of safety which the law requires. Sidewalks are to be used by common people, and only a few of them are expected to possess the skill of a Blondin in passing over them.

It appears that the appellee's dress caught upon a protruding nail in the flooring of the bridge, but we have not considered it important to inquire whether the accident in any manner hastened or produced the injury. The jury have found that there was no want of prudence and care on the part of the appellee. Accidents are liable to occur to the most prudent and careful; and it was the duty of the city to keep its walks in repair with reference to them. In *Hunt* v. *Pownal*, 9 Verm. 411, the court says, "in every case of damage occurring in the "highway, we could suppose a state of circumstances in which "the injury would not have occurred. If the team had not "been too young, or restive, or old, or too headstrong, or the "harness had not been defective or the carriage insufficient, no "loss would have intervened. It is against these constantly "occurring accidents that towns are required to guard in build- "ing highways. The traveler is not bound to see to it that his "carriage is always perfect, and his team of the most manageable "character and in the most perfect training, before he ventures "upon the highway. If he could be always sure of all this, he "would not require any further guaranty of safety, unless the "roads were absolutely impassable. If the plaintiff is in "the exercise of ordinary care and prudence, and the injury is "attributable to the insufficiency of the road conspiring with "some accidental cause, the defendants were liable." In the case under consideration, although the appellee used all proper care and caution, if she had walked a little slower, or a little more erect, or had been a little more observant of the flooring

5—35TH ILL.

of the bridge, or had not made a misstep, the accident might not have occurred.

A sidewalk ought not to be so out of·repair that if an accident does happen to a lady's dress by its being stepped upon, or caught upon a nail, her life will be endangered while· she endeavors to turn around to relieve it, whether such accident occurs as she is stepping on to the walk, or afterwards and while she is proceeding thereon.

The correct rule is laid down in *Palmer* v. *Andover*, 2 Cush. 600, where the court says, that "where the loss is the combined "result of an accident and of a defect in the road, and the "damage would not have been sustained but for the defect, "although the primary cause be a pure accident, yet, if there "be no fault or negligence of the plaintiff, if the accident be "one which common prudence and sagacity could not have "foreseen and provided against, the town is liable." *Kelsey* v. *Glover*, 15 Vt. 708; Angell on Highways, p. 275.

Taking all the instructions together, the case was ·properly submitted to the jury, and we are entirely satisfied with the conclusion at which they arrived.

The judgment of the court below is affirmed.

*Judgment affirmed.*