Cutler *v.* Currier.

---

WILLIAM CUTLER, (*by Guardian & prochein ami,*) *versus* HELEN E. CURRIER, *Adm'x.*

Public Laws of 1848, c. 61, § 1,* (R. S., c. 95, § 16,) has changed the common law respecting the remedies of tenants in common, and it applies as well to cases of personal occupancy by a co-tenant, as to the receipt of rent by a sub-tenant.

The action may be maintained under this statute, although the defendant did not occupy all the joint estate.

* See opinion.

Cutler *v.* Currier.

A refusal of the presiding Judge to order a nonsuit, affords no ground for exceptions.

By the ninth rule of this Court and the law applicable to specifications of defence, all matters set forth in the writ and declaration, and not specifically denied, are regarded as admitted for the purposes of the trial.

In an action founded upon the statute of 1848, c. 61, § 1, brought by a minor against the administratrix of a deceased co-tenant, the plaintiff alleged a tenancy in common of the premises described, in equal shares between himself, one E. B. R. and the defendant's intestate; the taking of the whole of the rents, profits and income of the estate by said intestate till his death, without the plaintiff's consent and against his objection; and a demand on said intestate, in his lifetime, and a refusal, and a demand on the defendant. The defendant, in her specifications of defence, alleged, (1,) the statute of limitations, (2,) the consent of the plaintiff and his guardian, and (3,) the expenditure on the premises of more than the value of the rents, &c.; — *Held,*

1. That the tenancy in common, caption of the profits, and the demand and refusal were admitted by the pleadings; —

2. That neither the objection that the said intestate occupied the premises as executor, nor that the plaintiff's father was tenant by courtesy of the same, is open to the defendant; — and,

3. If they were, she could not avail herself of them on exceptions to the refusal of the presiding Judge to order a nonsuit.

In the trial of such an action, an instruction, that the plaintiff, being a minor and without a guardian during the whole time covered by the claim, was incapable of giving consent to the occupancy by his co-tenant, and that the minority of the plaintiff and the fact that he had no guardian, were sufficient evidence of a want of consent, is unobjectionable.

So is an instruction that, if the defendant neglects, for two months, to make any answer to a written demand or to do anything about the matter, such will be sufficient evidence of a demand and refusal, though she did not expressly decline to account; and that the demand on her, without evidence of a demand on the intestate in his lifetime, would be sufficient.

R. S., c. 81, § 100, gives minors six years, after they become of age, to bring actions of assumpsit for causes of action which accrued during their minority.

ON EXCEPTIONS from *Nisi Prius.*

Special assumpsit by one of three tenants in common against the administratrix of the estate of one of the other co-tenants for the plaintiff's share of the rents, profits and income of the joint estate, which accrued between June, 1853, and Oct., 1859, when the defendant's intestate deceased.

It appeared that William Currier died March 7, 1847,

leaving certain real estate including that described in the writ. The real estate descended, in equal shares, to his three children, viz. : Thomas, (defendant's intestate,) Eliza B. Reed, and Mary Cutler, mother of the minor plaintiff. Mary was married to Henry Cutler, (father of the plaintiff,) June, 1846. The plaintiff was born July 4, 1847. Mary died Jan., 1848. Her husband was living at the time of the trial of this action. The writ was dated October 30, 1863.

*James H. Tripp*, called by the plaintiff, testified, that he served the following notice upon the defendant in accordance with his return, and that he also read it to her.

" To Helen E. Currier.—As your late husband, Thomas Currier, of whose estate you are the administratrix, took (without the consent of his co-tenants) more than his share of the income, rents and profits of the estate belonging to the heirs of his father, William Currier, and, as neither he the said Thomas in his lifetime, nor you since his decease, though repeatedly requested, have paid to the co-tenants their share of the income, rents and profits accruing from the joint estate above referred to, nor rendered to said co-tenants any account of their shares of such income, rents and profits, this is to demand of you, (as you are the administratrix of the estate of said Thomas,) payment of the sums due to Eliza B. Reed and William H. Cutler, as their share of the income, rents and profits of said joint estate, received by your late husband. Unless payment be made to us or to our attorneys, Messrs. Tapley and Smith, of Saco, Maine, on or before the 28th day of August, current, our said attorneys are directed to commence an action against you to recover our said shares of the income, rents and profits aforesaid.          "Samuel G. Reed, Guardian

" for William H. Cutler.

" Eliza B. Reed.

"Kennebunkport, August 22, A. D. 1863. At 9 o'clock, P. M.—Pursuant to the within, I gave to Mrs. Helen Cur-

rier the original notice of which the within is a true and exact copy.        " James H. Tripp, Constable of
        " the town of Kennebunkport."

After the plaintiff's testimony was all in, he rested his case; when the defendant, before offering any testimony, moved for a nonsuit, on the ground that the father of the minor plaintiff was tenant by the curtesy, and he being still alien was entitled to the rents, profits and income claimed, from the decease (1853) of the widow of his grandfather, William Currier; and again, that the plaintiff's remedy, if he had any, was upon the executor's bond of the intestate defendant. But the presiding Judge overruled both motions, and the defendant alleged exceptions.

The defendant then put in his testimony, which it is not essential to report.

Defendant's counsel contended, —

1. That the common law, as it respects this case, was unchanged; but the presiding Judge ruled otherwise.

2. That the word " take" in the statute meant taking or receiving from some one else; but the presiding Judge instructed the jury, that it was not necessary that the occupation should be by some person other than the defendant, and the rents and income taken from such person, but, if the defendant's intestate received more than his share of the rents, profits and income, by personally occupying and using the estate, it would be sufficient.

3. That the defendant's intestate must have taken all, or more than his share of all the rents, profits and income of all the estate, but the presiding Judge instructed the jury that, if the defendant's intestate had received more than his share of all rents, profits and income which the estate yielded, it was sufficient; and that, if any part of the estate which descended to the tenants in common was not occupied by either of them, it would not enter into the computation, and that the objection that the defendant's intestate did not occupy all the property left by his father would not

Cutler *v.* Currier.

go to the maintenance of the action, but only to the amount to be recovered.

4. That the phrase "without the consent," in the statute, was equivalent to positive objection, and that, in the absence of objection, consent was to be presumed from each of the other co-tenants; but the presiding Judge instructed the jury that the plaintiff being a minor and without a guardian during the whole time covered by the claim, a valid consent could not be presumed as to him, for there was no one capable of giving a valid consent; that it was the duty of any person owning property in common with a minor, to see that he had a guardian, if he would claim that the occupation was by consent, and that the minority of the plaintiff and the fact that he had no guardian, were sufficient evidence of a want of consent.

5. That a demand and refusal were not proved by a mere demand of payment; but the Judge instructed the jury that, if the paper in the case purporting to be a demand, was delivered to defendant, August 22, 1863, as testified to, and she neglected to make any answer thereto or to do anything about the matter until the commencement of the action, Oct. 30, 1863, it was sufficient evidence of a demand and refusal, though she had not expressly declined to account, and that the demand on her would be sufficient without proof of demand upon her intestate, in his lifetime.

6. That, notwithstanding the minority of the plaintiff, the claim was principally barred by the statute of limitations; but the Judge ruled otherwise.

The verdict was for the plaintiff and the defendant alleged exceptions.

The remaining facts sufficiently appear in the opinion.

*Dane and Bourne*, for the defendant.

Specifications of defence do not state that the defendant occupied the premises described in the writ, but "certain premises," &c. The report shows there was other land owned in common. Specifications, therefore, do not confine the admission to the land described in the writ. Plaintiff did

not rely on any such admission, but has waived advantage by proving the occupancy and executorship of the defendant's intestate. Defendant being sued as administratrix of Thomas, she must be cited before Judge of Probate to settle his account of administration on his father's estate before she becomes liable to this action. *Nowell* v. *Nowell*, 2 Greenl., 75. Thomas may have accounted for these rents in his probate account. The estate may be indebted to him. The land may have been sold for payment of debts. It is an administrator's right to be cited before probate court and " have a decision there, in a manner the least expensive." *Potter* v. *Cummings*, 18 Maine, 58. Same reasons apply to this case.

The instruction that " the objection that the defendant's intestate did not occupy all the property left by his father, would not go to the maintenance of the action, but to the amount to be recovered," was erroneous. There was other land. The plaintiff must prove affirmatively that the defendant's intestate has received more than his share of the whole. For all that appears the estate not described may yield more income than all the other property, and the defendant's intestate not have received his share. *Shepherd* v. *Richards*, 2 Gray, 427. This case cited with approbation in *Moses* v. *Ross*, 41 Maine, 360–2. It must also appear " that a balance is due to the plaintiff and not to the other co-tenants." *Moses* v. *Ross*, *supra*. Second instruction was erroneous. " Take" means actual receiving from some one else. *Moses* v. *Ross*, *supra*. Fifth instruction was erroneous, the statute being in derrogation of common law rights is to be construed strictly. It does not change the common law, but provides a new remedy in certain cases. No remedy until after demand. This statute makes no provision for proceedings against the administrator of a co-tenant, and because an express provision is made in R. S., c. 64, § 49. Court should not extend the stat. of 1848 beyond its express provisions. The administrator cannot

be presumed to know that his intestate occupied without consent.

The law presumes men act rightfully and in the exercise of legal rights. No demand having been made upon the deceased in his lifetime, it must be presumed he occupied in accordance with his common law rights. The paper containing the demand is too general, fixing no time, nature or amount, number of tenants or their shares. No demand made by any person authorized. *Miles* v. *Boyden*, 3 Pick., 219. The demand is defective because coupled with another demand for another person. *Corre* v. *Calloway*, 1 Esp. R., 115. Mrs. Reed having joined in the demand should have joined in the suit. Public Laws of 1848, c. 61, § 2.

*E. B. Smith*, for the plaintiff, contended that—

The grounds for the motion to nonsuit were abandoned, and, as no requests for instructions were made, exceptions would not lie therefor. *Stowell* v. *Goodenow*, 31 Maine, 538; *Osgood* v. *Lansil*, 33 Maine, 360; *State* v. *Straw*, 33 Maine, 554; *Rogers* v. *K. & P. R. R. Co.*, 38 Maine, 227; *Purington* v. *Pierce*, 38 Maine, 447; *Stone* v. *Rodman*, 38 Maine, 578; *Gardner* v. *Gooch*, 48 Maine, 487.

That mere occupation, at common law, would not sustain the action. 4 Kent's Com., *369, 370.

In construing statutes, must consider, (1,) what the law was; (2,) its needs; (3,) nature and reason of the remedy. 1 Blacks. Com., *86; *Winslow* v. *Kimball*, 25 Maine, 493. Exclusive occupation the remedy needed. Title to be considered in construing statutes. Dwar. St., 501; *Rex* v. *Cartwright*, 4 T. R., 390; *Rex* v. *Greenop*, 3 T. R., 133; *United States* v. *Fisher*, 2 Cranch, 386; *United States* v. *Daveis*, 38. To be so construed as to effect the intention of the Legislature. *Winslow* v. *Kimball, ubi supra; State* v. *Stinson*, 17 Maine, 157; *Minor* v. *Bank*, 1 Pet., 64; *Wilkinson* v. *Leland*, 2 Pet., 662; *People* v. *Utica Ins. Co.*, 15 Johns., 358; *Crocker* v. *Crane*, 21 Wend., 211; *Catlin* v. *Hull*, 21 Vt., 152; *Rawson* v. *State*, 19 Conn., 192; *Gore* v. *Brazier*, 3 Mass., 380; *Stanwood* v. *Pierce*,

7 Mass., 458; *Somerset* v. *Dighton*, 12 Mass., 384; *Gibson* v. *Jenny*, 15 Mass., 205; *Holbrook* v. *Holbrook*, 1 Pick., 248; *Mendon* v. *Worcester*, 10 Pick., 235; *Com.* v. *Cambridge*, 20 Pick., 267. Not to be so construed as to defeat the purpose. The *Emily* v. The *Caroline*, 9 Wheat., 381; *Cook* v. *Comm's*, 6 McLean, 112. To be so construed that no word shall be void or insignificant. *James* v. *Dubois*, 1 Harr., 285; *Hutchins* v. *Niblo*, 4 Blackf., 148; Opinion, 22 Pick., 571; *United States* v. *Warner*, 4 McLean, 463. Words to be taken in ordinary sense. Opinion, 7 Mass., 524; *Conger* v. *Conger*, 5 Barb., (S. C.,) 525. Unless used in a peculiar sense. *Exparte Hall*, 1 Pick., 261, and cases *infra*. To "take a profit" has peculiar legal meaning, and is to be construed accordingly. *United States* v. *Sarchet*, Gilp., 273; *United States* v. 112 *casks of sugar*, 8 Pet., 277; *Elliott* v. *Swartwout*, 10 Pet., 137; 200 *chests of tea*, 9 Wheat., 430; *Curtis* v. *Martin*, 3 How., 106; *U. S.* v. *Breed*, 1 Sumn., 159; *Lawrence* v. *Allen*, 1 How., 785; *Bacon* v. *Bancroft*, 1 Story, 341; *Lee* v. *Lincoln*, 1 Story, 610. "Take" implies an act, if anything is "received," the recipient is passive. The words are antithetical. One "receives" rent and "takes" a profit; "pays" cash and "delivers" articles. If one gathers the products and sells them so that he cannot "deliver" them in specie, the Act provides he shall pay "the just proceeds of the same."

R. S., c. 95, § 16, not intended to change, but only to condense stat. of 1848. *Taylor* v. *Delany*, 2 Caines Cas., 151, cited in *Hughes* v. *Farrar*, 45 Maine, 72; *Mooers* v. *Bunker*, 9 N. H., 420. Statute is remedial and to be liberally construed. 1 Blacks. Com., *86 — 92; *Smith* v. *Moffat*, 1 Barb., 65; *Walcott* v. *Pond*, 19 Conn., 597; *State* v. *Stephenson*, 2 Bailey, 334; *Neal* v. *Moultrie*, 12 Ga., 104. And benefit those whom they concern. 1 Blacks. Com., *88; *Cummings* v. *Fryer*, Dudley, (Ga.,) 182; Bac. Abr., I, 7, 9. And to do substantial justice. *Russell* v. *Smith*, 9 Mees. & W., 818. The action is maintainable. *Dyer* v. *Wilbur*, 48 Maine, 287. Former cases, viz., *Buck*

v. *Spofford,* 31 Maine, 34 ; *Gowen* v. *Shaw,* 40 Maine, 56 ; *Moses* v. *Ross,* 41 Maine, 360, brought before the passage of the statute of 1848.

Maxim "*qui tacet, consentire videtur,*" to be cautiously applied. 1 Greenl. on Ev., §§ 197 & 199. Acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary conduct. *Ibid.* "*Impotentia excuset legem.*" Co. Lit., 29, b. "*Lex neminem cogit ad vana, seu inutilia.*" *Ibid.,* 127, b ; 3 Johns., 598. "*Lex non cogit ad impossibilia.*" Co. Lit., 231, b.

DICKERSON, J. — This is an action of special assumpsit under the statute, to recover the rents, profits and income alleged to be due the plaintiff from the defendant's intestate, for the occupancy of certain land in Kennebunkport. The plaintiff alleged a tenancy in common of the demanded premises, in three equal shares, between himself, Eliza B. Reed and the defendant's intestate, Thomas Currier ; and that said Currier took the whole of the rents, profits and income of the estate till his death, against the plaintiff's objection. The plaintiff also avers a demand on said Currier in his lifetime, and a refusal, and a demand on the defendant.

The defendant, in her specifications of defence alleges — (1,) the statute of limitations, (2,) the consent of the plaintiff and his guardian to the occupancy and taking of the profits of certain real estate without recourse, (3,) the expenditure on the premises by her intestate of more than the value of the rents and profits, and (4,) that Eliza B. Reed is the real plaintiff in this action. By a rule of Court and the law applicable to specifications of defence, all matters set forth in the writ and declaration and not specifically denied in the specifications of defence, are regarded as admitted for the purposes of the trial. IX Rule of Court ; *Day* v. *Frye,* 41 Maine, 326 ; *Hart* v. *Hardy,* 42 Maine, 196 ; *Clough* v. *Crossman,* 47 Maine, 349 ; *Skillings* v. *Norris,* 50 Maine, 72.

The tenancy in common, caption of the profits and the demand and refusal are admitted by the pleadings. Neither the objection that Thomas Currier occupied the premises as executor, nor that Henry Cutler, father of the plaintiff, was tenant by curtesy of the same, is open to the defendant. The limits she has prescribed for herself preclude her from setting up any such grounds of defence. Even if these objections were open to her, she could not avail herself of them on exceptions to the refusal of the presiding Judge to order a nonsuit on her motion, since such refusal is a matter of discretion and affords no ground of exception. *French* v. *Stanley*, 21 Maine, 518; *Bragdon* v. *Appleton Mut. F. Ins. Co.*, 42 Maine, 259.

1. The presiding Judge instructed the jury that § 1, c. 61, of the Public Laws of 1848, changed the common law in reference to this case. The Act is entitled " An Act giving further remedies to tenants in common." It provides that " whenever any joint tenant or tenant in common shall take and receive the whole of the rents, profits or income of the estate, or more than his share of the same, without the consent of his co-tenant, and shall refuse, within a reasonable time after demand, to deliver and pay to such co-tenant his share of such rents, profits or income, or of the joint proceeds of the same, the said co-tenant, so deprived of his share as aforesaid, may have and maintain an action of special assumpsit to recover his said share against the tenant withholding the same." This provision is reënacted in the revised code. R. S., c. 95, § 16.

It was a familiar principle of the common law, older than Lord COKE, that one tenant in common could not maintain an action against his co-tenant for taking the whole profits of the joint estate. Co. Lit., Lib. 3, § 323; 2 Black, Com., 194.

By statute 4 of Anne, c. 16, however, it was provided that an action of account might be brought by one joint tenant or tenant in common against the other, as bailiff, for receiving more than his joint share or proportion of the

rents and profits. In construing this statute, Lord HOLT held that *indebitatus assumpsit* lies when the action of account may be maintained; and this equitable construction has been continued by succeeding Judges, until the action of account has been substantially superseded by the action on the case in the nature of account, or for money had and received. The application of this doctrine, however, has been restricted to cases where the money has been actually received, and the liability to account has resulted in a duty to pay money, or where the defendant holds the share as bailiff of the plaintiff, or the occupation has been by consent. *Brigham* v. *Eveleth*, 9 Mass., 538; *Munroe* v. *Luke*, 1 Met., 459; *Jones* v. *Harriden*, 9 Mass., note, 539; *Buck* v. *Spofford*, 31 Maine, 34; *Gowen* v. *Shaw*, 40 Maine, 56; *Dyer* v. *Wilbur*, 48 Maine, 287.

In the case at bar the evidence negatives all these conditions. Whatever advantage the defendant's intestate derived from the premises was received from his personal occupancy of them. We have seen that neither the ancient common law, nor the statute of 4 Ann, as incorporated into the common law, affords any remedy in such cases. The statute of 1848, c. 61, § 1, was passed to meet this omission in the common law. The statute is remedial, and should be construed so as to give effect to the remedy, provided such construction is not inconsistent with the language used or the fundamental law.

The words "taking and receiving the rents, profits or income," have no technical or recondite signification, but are to be understood according to their ordinary acceptation. A farmer "takes" or "receives" the products of his farm. He "takes" them by his own efforts, and "receives" them from the hand of mother earth. He is an actor or a recipient, as he sustains the one or the other of these relations. Receiving is one of the modes of taking. These words are oftentimes used synonymously, and have substantially the same meaning in the statute, though, in strict verbal accuracy, the one more appropriately expresses the idea of ac-

Cutler *v.* Currier.

cepting rents and the other that of gathering crops. The construction contended for by the counsel for the defendant would render the statute nugatory in the very particular in which it was intended to remedy the defect of the common law. The presiding Judge correctly held that the statute changed the common law in respect to this case, and that it applies as well to the cases of personal occupancy by the co-tenant as where he receives rent from a sub-tenant.

2. Nor was it error in the Judge at *Nisi Prius*, to rule that the action might be maintained, though the defendant's intestate did not occupy all the joint estate. The language of the statute is—"the whole of the rents, profits or income of the joint estate," not of all the joint estate. If the joint estate consists of several distinct parcels, each parcel is "the joint estate" of the co-tenants though it does not embrace all their joint estate. Its character, as joint estate, is not affected by its quantity. To deny, for instance, that a dwellinghouse is the joint estate of several co-tenants, because they own other real estate in common, would be absurd. To withhold the statute remedy from a party, because his co-tenant had not "taken and received the rents, profits or income" of all the joint estate, would be to sanction the lesser and punish the greater wrong, and to deny to the injured party all remedy in numerous cases.

3. The instruction that the plaintiff, being a minor, was incapable of giving consent to the occupancy of the defendant's intestate, is unobjectionable. The minority of the plaintiff, and the proof that he had no guardian, were sufficient evidence of a want of consent, even if the burden of proof to show that fact had been upon the plaintiff. The law does not involve the inconsistency of presuming the consent of a party against his interest, when, at the same time, it holds such party incapable of giving his consent.

After a careful examination, we are unable to discover any error in the instructions of the presiding Judge upon the subject of demand and refusal, or the effect of the statute of limitations. No demand upon the defendant's intes-

tate was necessary; and demand upon the defendant was sufficient. The neglect of the defendant to make answer to the demand made upon her, for so long a time, was properly construed to be a refusal to account.

Chapter 81, § 100, of the Revised Statutes, giving minors six years after they become of age to bring actions of assumpsit, is a perfect answer to the defendant's objection in regard to the statute of limitations.

The instructions of the Judge at *Nisi Prius* are full upon the matters presented in the requested instructions, and correctly present the rules of law applicable to all the points raised in the case. So far, therefore, as the requested instructions differ from the instructions given, they were properly refused.                *Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., CUTTING, WALTON and DANFORTH, JJ., concurred.