## George C. Owen
### v.
## City of Chicago.

1. Instructions—Conflicting evidence.—In actions for damages occasioned by negligence of the defendant, where the testimony is conflicting upon the question of negligence or due care, it is important that the jury should be accurately instructed as to the law of the case.

2. Sidewalks—Duty of person passing over.—A person passing along a street or sidewalk is held to the reasonable use of his faculties to avoid danger, and what is such reasonable use is a question of fact for the jury, to be determined according to the circumstances of each case. He is not bound to keep his eyes constantly fixed on the walk in search of possible defects.

3. Passing over walk known to be dangerous.—A person passing along a walk known to be dangerous, does not assume all the risk of accident. The true rule in such cases requires of him a degree of care proportioned to the danger.

4. Duty of city to repair.—In the absence of positive misfeasance, a city is only responsible for the use of reasonable diligence in keeping its sidewalks in a reasonably safe condition, and as the basis of an action for negligence, it must be shown that the city had notice of the defect, or that it might, and ought, by the exercise of reasonable diligence, to have known of it.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed February 24, 1882.

This was a case against the city of Chicago, to recover for personal injuries received by the plaintiff, by reason of a defective sidewalk.

The evidence tended to show the following facts: The plaintiff was passing north on the sidewalk, on the east side of North State street, towards Indiana street, which runs east and west, intersecting State. The walk was connected with Indiana street by an apron of short planks, which spanned the gutter The upper ends of the planks are supported by a 2 x 4 scantling resting against the curb-stone, at such a height as that the end of the plank should be flush with the sidewalk. The apron slopes down so as to make the lower end flush with the street.

As the plaintiff stepped into the apron to cross Indiana street, the plank upon which he stepped fell into the gutter; he was thrown forward upon the pavement, and received the injury complained of. He passed over this apron on the morning of the same day, and then observed that some of the planks at the west end of the apron were loose, and one or two of them gone, and he therefore walked over the east end. The apron was five or six feet long. As he was returning from his place of business in the evening, he thought of the defect in the west end of the apron, and so passed over the east end as he had in the morning. He says he was thinking of the planks and stepped carefully. Mr. Duval, who was present and witnessed the accident, assisted the plaintiff to rise, and immediately made an examination of the apron. He found all the planks but one detached, and that the ends of the planks had left the 2 x 4 support and projected above the sidewalk. He replaced the planks to prevent others from falling. He says he had noticed that the apron was in bad condition for a month before the accident.

It appears from the evidence that in the spring preceding, or early summer, the street had been paved, the apron having been removed for that purpose; and the evidence tended to show that it had never been properly replaced, but that the planks had been merely laid back without being properly fastened.

Upon the trial the court, at the request of the defendant gave, among others, the fo'lowing i str. ctions:

Owen v. City of Chicago.

3. "The jury are instructed that the basis of this action is negligence; that if they believe from the evidence that the plaintiff had, the same day of the alleged accident, passed over the sidewalk where he claims to have fallen, that by the use of his eyes he might have seen the alleged defect in the sidewalk; if you believe from the evidence that a defect existed, and that in repassing over the same walk, there was nothing to conceal the sources of danger, and no suddenly occurring cause to distract his attention, then he was under obligations to use his, eyes to direct his footsteps; and if he failed to do so, not doing so was negligence; and if the jury find that the accident resulted solely from such negligence, the jury should find the defendant not guilty.

6. "The jury are instructed that if they believe from the evidence, that the plaintiff, Owen, in this case, passed over the apron (where he claims to have fallen) the morning of the day upon which he fell, that he saw there were loose boards or planks in said apron, so as to render the apron in question dangerous, then you are instructed, as a matter of law, that if a person, knowing a place to be dangerous, assumes the risk of passing over that portion of it which was dangerous, and is thus injured, the law attributes it to be his own fault, and he can not recover for such injury.

8. "The jury are instructed that if they believe from the evidence that the difficulty with the apron, if any existed, was, so far as appearances were concerned, not observable to persons passing over it, then for such a defect no liability exists against the city for any accidents that may happen."

To the giving of which instructions plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff appealed."

Messrs. Goudy & Chandler and Mr. W. E. Leffingwell, for appellant; that an instruction that it was necessary for plaintiff to prove affirmatively that he was exercising due care, is erroneous, cited Galena R. R. Co. v. Fay, 16 Ill. 558; C. B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Aurora R. R. Co. v. Grimes, 13

Ill. 585; Dyer v. Talcott, 16 Ill. 300; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; Wharton on Negligence, 421; Mayor v. R. R. Co. 120 Mass. 137; Hinckley v. R. R. Co. 120 Mass. 262; Buesching v. Gas Light Co. 12 C. L. J. 273.

As to the degree of care required of a person passing over a walk known to be dangerous: Lovenguth v. Bloomington, 71 Ill. 238; Coates v. Canaan, 51 Vt. 131; Hanlin v. Keokuk, 7 Ia. 488; Rice v. Des Moines, 40 Ia. 638; Lyman v. Amherst, 107 Mass. 339; Frost v. Waltham, 12 Allen, 85; Weed v. Ballston Spa, 76 N. Y. 329; Aurora v. Pulfer, 56 Ill. 270; Humphreys v. Armstrong Co. 56 Pa. St. 204; Fairbury v. Rogers, 68 Ill. 554.

Upon the rule as to notice to a city of a defect in a sidewalk: Chicago v. Watson, 6 Bradwell, 144; Chicago v. O'Brennan, 65 Ill. 160; Chicago v. Crocker, 2 Bradwell, 279.

A municipal corporation is liable for injuries caused by latent defects in the sidewalk: Wharton on Negligence, § 962; Rapho v. Moore, 67 Pa. St. 404.

Generally as to the liability of the defendant: Chicago v. Langlass, 66 Ill. 361; Alexander v. Mt. Sterling, 71 Ill. 366; Chicago v. Johnson, 53 Ill. 91; Chicago v. Watson, 6 Bradwell, 344.

Mr. JULIUS S. GRINNELL, for appellee; that the burden is upon the plaintiff to prove affirmatively that he was exercising due care: cited Kipperly v. Ramsden, 83 Ill. 354; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63.

If a person persists in passing over a walk knowing its dangerous condition, when it is practicable to avoid it, the law will give him no redress in case of an injury: Centralia v. Krouse, 64 Ill. 19; Quincy v. Barker, 81 Ill. 304.

Where the instructions as a series state the law correctly, the judgment will not be reversed on account of error in one: Nor. Line Packet Co. v. Binninger, 70 Ill. 571; Gilchrist v. Gilchrist, 76 Ill. 284; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 313; Chicago v. Hesing, 83 Ill. 204.

A municipal corporation is not liable for latent defects in a sidewalk of which it has no notice, actual or constructive :

Wharton on Negligence, § 962; Thompson on Negligence, 796; Ogins v. Hinesburgh, 44 Vt. 220; Donlon v. Clinton, 33 Ia. 399; Goodnough v. Oshkosh, 24 Wis. 549.

WILSON, P. J.    There was evidence tending to show that the city was guilty of negligence in failing to use reasonable care to keep the sidewalk in a safe condition, and that the plaintiff was in the exercise of due care and caution at the time of receiving the injury complained of.    As however, there was a conflict of evidence on both points, it was important that the jury should have been accurately instructed as to the law of the case.

By the defendant's third instruction, the jury were told that if the plaintiff had, the same day of the accident, passed over the sidewalk at the place where he fell, and that by the use of his eyes he might have seen the alleged defect in the sidewalk, and that in repassing over the same walk there was nothing to conceal the sources of danger, and no suddenly occurring cause to distract his attention, then he was under obligation to use his eyes to direct his footsteps, and if he failed to do so, not doing so was negligence.

Aside from the erroneous rule of law stated in the instruction, to be noticed presently, the instruction was not based upon the evidence, and was calculated to mislead the jury as to the facts.    The uncontradicted evidence of the plaintiff was that, when he passed over the apron in the morning, he saw that two or three of the planks on the west end of the apron were loose, and he thinks two of them were gone, and he therefore walked over on the east end.    On his return in the evening, as he approached the crossing, he thought of the condition of the apron at the west end, and so started to cross at the east end, when, stepping onto the plank at or near that end, he fell. There was no evidence showing that there was any defect in the apron at the east end, which was apparent or known to the plaintiff when he passed over it in the morning, nor which by the use of his eyes he might have seen to guide his footsteps when repassing in the evening.    On the contrary, his testimony was to the effect that, seeing the defect in the west end, he selected

the east end because it was apparently in good condition and safe. The inference which the jury were liable to draw from the phraseology of the instruction was, that because in the morning he noticed defects in the west end of the apron, he ought to have looked out for, and avoided danger from, defects in the east end.

But aside from this objection, the rule of law as stated in the instruction, is at variance with the settled doctrine on that subject in this State. The jury were told that a person who, in passing along a sidewalk, *might*, by the use of his eyes, have seen a defect in the walk, is guilty of negligence if he fails to do so; in other words, if he could possibly have seen and avoided danger, he must do so at his peril. Such is not the law. The statement is too broad. A person passing along a street or sidewalk, is held to the *reasonable* use of his faculties to avoid danger, and what is such reasonable use, is a question of fact for the jury, to be determined according to the circumstances of each particular case. What would be reasonable care in one case, and under one set of circumstances, might not be in another case with different circumstances. To hold that a person when passing along the thronged sidewalks of a populous city, must keep his eyes constantly fixed on the walk in search of possible defects, even though he should thereby deprive himself of the necessary use of his sight to avoid collisions with other passers, would be manifestly unreasonable.

The law prescribes no such extreme and unreasonable condition to a right of action against a municipal corporation guilty of negligence, in favor of one who is rightfully upon its streets. The same principle which holds such a corporation only to the exercise of reasonable care and diligence (in the absence of positive misfeasance) in keeping its streets and sidewalks in repair, is applicable to the care and caution required of a person passing over the same. He is held to the reasonable use of his faculties, to avoid accidents and danger. If he were to walk into an open place, the existence of which was patent to every one, and there were no intervening obstacles to obscure the danger, and no suddenly occurring causes to distract his attention, a jury might be justified in imputing to him a want of

due care; but this would be a question of fact and not of law. The question in all cases is, not whether the injured person might not have exercised a higher degree of care, but whether under the circumstances in which he was placed, he was in the exercise of such care, as a man of ordinary prudence would reasonably observe under like circumstances.

We are aware that in some of the cases decided by our Supreme Court, expressions are found in which the rule, as above stated, seems to have been overlooked, or not carefully stated, but the principle is too well settled to be shaken. In New York, and most, if not all, the other States, the courts have recognized substantially the same principle. Thus, in Merrick v. Troy, 83 N. Y. 514, the defendant's counsel requested the court to charge that if the jury should find that the hole in the street did exist, and that the wheel of the wagon got into it and caused the seat to break and the plaintiff to fall from the wagon, if such hole was one which might have been seen by the plaintiff and readily avoided by the ordinary exercise of the eyes, the failure to avoid it constituted negligence on the part of the plaintiff which would defeat the action, the court held this instruction was properly refused, saying that if the defect was one which an ordinarily prudent man would in the use of ordinary care have discovered, then the plaintiff could not recover.

By the defendant's sixth instruction, the jury were told that if they believed from the evidence that the plaintiff passed over the apron the morning of the day upon which he fell, and saw there were loose planks in the apron so as to render it dangerous, that then " you are instructed as matter of law, that if a person knowing a place to be dangerous assumes the risk of passing over that portion of it which was dangerous, and is thus injured, the law attributes it to his own fault, and he can not recover for such injury."

This instruction was erroneous, and was almost necessarily misleading. By it the jury were told, in substance, that if a person, with a knowledge that a portion of a sidewalk is in a dangerous condition, attempts to pass over it, he takes upon himself all risk of accidents. Aside from the objection,

that there was no evidence upon which to base it, it not having been shown that the plaintiff saw any indications of danger in the east part of the platform over which he passed in the morning, the principle stated in the instruction is radically wrong. If the rule were as given to the jury, it would follow that all a city need to do to escape liability for failing to keep its streets in repair, would be to notify its inhabitants that the walks are in an unsafe condition. The true rule in such cases we apprehend is, not that a person may not pass along a street known to be dangerous without assuming all risk of accidents, but that when doing so, greater care is required than when passing over a street not known to be dangerous; and the degree of care should be proportioned to the danger. In Lovenguth v. Bloomington, 71 Ill. 238, the court say: "It appears that this injured party was familiar with the sidewalk and its defects; he knew it was dangerous; another sidewalk was provided by the city, and if he chose to pass over the walk, he should have done so in a careful and guarded manner."

The precise question under consideration arose in Coates v. Canaan, 51 Vt. 131. The plaintiff was injured while riding along a highway which he knew to be dangerous. The defendant asked the court to charge that if the plaintiff knew the place to be dangerous, and voluntarily drove into it, he was guilty of contributory negligence, and could not recover. The court refused so to charge, and the Supreme Court affirmed the ruling, saying: "Such an instruction would exonerate the town in all cases, where the traveler knew of the defect causing the injury. A bridge or well-wrought piece of the highway with a high embankment along its margin, is unsafe, and so dangerous, and yet is passed and passable by prudent men at the risk of the town. When a given place in a highway becomes so dangerous that ordinarily prudent men, knowing its condition, would not attempt to pass over it, it might and probably would be held negligence for a man to attempt to pass it. Ordinary care and prudence means such care and prudence as the average prudent man would exercise under the like surroundings and in the like condition."

And to the same effect is Harlan v. Keokuk, 7 Iowa, 488; see

also Whart. on Neg. 2nd Ed. §§ 400–403; Frost v. Waltham, 12 Allen, 85; Weed v. Ballston, 76 N. Y. 329; Humphreys v. Co. of Armstrong, 56 Pa. St. 204; City of Joliet v. Verley, 35 Ill. 58; Dillon on Corp. 3d Ed. 1050 and note; Id. 1040.

By the defendant's eighth instruction, the jury were told that if the defect in the apron was not observable to persons passing over it, then for such a defect, no liability exists against the city for any accident that might happen. This instruction is manifestly erroneous. In the case of the City of Chicago v. Watson, 6 Bradwell, 344, we held, that in the absence of positive misfeasance, a municipal corporation is only responsible for the use of reasonable diligence in keeping its streets and sidewalks in a reasonably safe condition; and that, as the basis of an action in favor of a person injured is negligence, it is essential to a cause of action that the corporation had notice of the defect of the street or sidewalk which caused the injury, or that proof be given of such circumstances pertaining to such unsafe condition, as that the corporation might and ought by the exercise of reasonable diligence, to have known of it; that having the means of knowledge, and negligently remaining ignorant, is equivalent to actual knowledge. We have been referred to no case in conflict with the principle as thus enunciated, and we know of no rule of law which exempts a city or other municipal corporation from liability for injuries caused by latent defects in its streets or sidewalks, which it could have discovered by the exercise of reasonable diligence. Whether the defect be latent or patent, the liability in either case rests substantially on the same basis, though the proof to fix such liability may be different. It is not necessary to now inquire whether the proof was sufficient to make out a cause of action. That inquiry will only properly arise when the jury have passed upon the facts under the guidance of proper instructions.

Various other questions have been discussed by counsel which we do not feel called upon to determine. The errors already indicated are sufficient to require a reversal of the judgment, and the same is accordingly reversed, and the cause remanded for a new trial.

Reversed and remanded.