# BRISTOL COUNTY.

———•———

WILLIAM HAMPSON *vs.* JOHN B. TAYLOR, Town Treasurer of the Town of Bristol.

When a traveller on a highway is injured, and the injury results from a combination of two causes, both proximate, one a defect in the highway and the other a natural cause or a pure accident, the town is liable in damages to the injured traveller, provided his injury would not have been sustained but for the defect in the highway.

A., injured by falling on a highway which had been washed away in gullies and was slippery with frozen sleet, brought an action for damages against the town. At the trial the presiding judge charged the jury: "If the sidewalk where the accident happened was so defective as to render the town liable in case an accident had happened by reason of the defect in the absence of the obstruction caused by the ice, and this accident happened by reason of such defect, and would not have happened but for it, then the town is liable, even though the ice was one of the proximate causes of the accident."

*Held,* no error.

When one injured in the early morning, by falling on an icy street, sued the town, claiming that his injuries were caused by the town's negligence in leaving the street out of repair, —

*Held,* that evidence offered by the defendant of the plaintiff's intemperate habits was properly excluded. If the plaintiff was sober, his habits were immaterial, and intoxication could not be inferred from proof of mere intemperate habits.

That an old street is a public highway may be proved by reputation.

When, to establish the existence of a highway, evidence was given of immemorial usage, but no evidence of repair by the town, and no exceptions were taken to the want of evidence of repair, —

*Held,* that this court would assume a waiver of evidence of repair.

After a party has rested his case, the court may in its discretion allow him to put in further testimony as to matters overlooked by him.

Exceptions to the whole evidence of a witness taken after he has testified are only allowable when the whole evidence is illegal both in substance and form.

No exception lies to the refusal of a judge to repeat in abstract form instructions already given to a jury in concrete.

A party cannot except to questions put by himself.

EXCEPTIONS to the Court of Common Pleas.

*Providence, July* 9, 1885. DURFEE, C. J. This is an action on the case to recover damages from the town of Bristol for injuries to the plaintiff, alleged to have been received by him while walking in one of the streets of said town, in consequence of the neglect of the town to keep said street safe and convenient for travel. The case was tried to a jury in the Court of Common Pleas, when the plaintiff recovered a verdict for $3,500 damages. The case comes here on exceptions to the rulings of the court taken by the defendant. The accident occurred February 5, 1884. The plaintiff left his house between eight and nine o'clock A. M., to carry some tea to his wife, who worked in a mill. The street was covered by a thin film of ice, caused by rain falling and freezing the previous night. The plaintiff's route was through Thames Street, along the west side, which the plaintiff selected as the safer side. Testimony was adduced by the plaintiff tending to show that Thames Street, on its west side, where it corners on State Street, was washed and gullied, with cobble-stones left exposed in the gully, some part of which was nearly a foot deep. The plaintiff made his visit to the mill, and was returning, when, stepping on one of the stones so exposed, he slipped and fell, dislocating his right hip and injuring his foot. He adduced testimony to show that the fall would not have occurred but for the gully, or if it had occurred would not have seriously injured him. The defendant moved for a nonsuit, which was refused. The defendant alleged exceptions, but, upon our intimation that exceptions do not lie for a refusal to nonsuit, they are not pressed. *Wentworth* v. *Leonard*, 4 Cush. 414; *Priest* v. *Wheeler*, 101 Mass. 479; *Cutler* v. *Currier*, 54 Me. 81, 90.; *Girard* v. *Gettig*, 2 Binn. 234; *Providence County Savings Bank* v. *Phalen*, 12 R. I. 495. The court below, among other instructions to the jury, gave the following, to wit: "If the sidewalk where the accident happened was so de-

fective as to render the town liable in case an accident had happened by reason of the defect in the absence of the obstruction caused by the ice, and this accident happened by reason of such defect and would not have happened but for it, then the town is liable, even though the ice was one of the proximate causes of the accident." The defendant excepted to this ruling. In support of the exception he cites numerous cases, chiefly from Massachusetts and Maine, which hold that the action will not lie where the injury is not the result solely of the defect, but of the defect and another cause, for which the town is not liable, concurring with it. There is, however, a line of cases that maintain a different doctrine, which has been tersely stated thus: "Where two causes combine to produce the injury, both in their nature proximate, the one being the defect in the highway, and the other some occurrence for which neither party is responsible, the corporation is liable, provided the injury would not have been sustained but for the defect in the highway." Dillon on Municipal Corporations, ed. of 1881, § 1007. It seems to us that this doctrine, at least where the concurring cause is a natural cause, or a pure accident for which no person is responsible, is the more reasonable doctrine. Indeed, we think it is the duty of the town, in making and mending its highways, to consider the natural effects of rain and snow and ice as affecting the safety and convenience of travel thereon, except so far as the statute exonerates them from duty in that regard. *Houfe* v. *Town of Fulton*, 29 Wisc. 296; *City of Atchison* v. *King*, 9 Kans. 550; *Kelsey* v. *Glover*, 15 Vt. 708; *Winship* v. *Enfield*, 42 N. H. 197; *Bassett* v. *The City of St. Joseph*, 53 Mo. 290; *Hull* v. *City of Kansas*, 54 Mo. 598; *City of Joliet* v. *Verley*, 35 Ill. 58; *City of Lacon* v. *Page*, 48 Ill. 499; *Baldwin* v. *Greenwoods Turnpike Co.* 40 Conn. 238; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *City of Crawfordsville* v. *Smith*, 79 Ind. 308; *Palmer* v. *The Inhabitants of Andover*, 2 Cush. 600; *Sherwood* v. *Corporation of Hamilton*, 37 Upper Canada, Q. B. 410. We do not find any error in the instruction complained of.

*Exceptions overruled.*

At the September Term, A. D. 1885, the defendant presented to this court his petition for a new trial in the Court of Common

Pleas, on the ground of newly discovered evidence, and because the verdict was against the evidence, and was excessive in amount.  The petition was granted.

The new trial resulted in a verdict for the plaintiff, and the case was again brought to this court on exceptions taken by the defendant.

EXCEPTIONS to the Court of Common Pleas.

*Providence, January* 11, 1887.  DURFEE, C. J.  This is an action on the case to recover damages for an injury suffered by the plaintiff by falling while walking on the sidewalk of one of the streets of Bristol, in consequence, it is alleged, of a defect in the sidewalk.  It is the same case which was before the court on exceptions at a former term, and which was subsequently, on a petition for a new trial, remitted to the Court of Common Pleas for new trial.  The new trial has been had, and the case is again before us on exceptions.

At the trial the parties on both sides put in their testimony and rested ; whereupon the defendant asked the court to direct a verdict in his favor, for the reason that there had been no proof that the place of the accident was within a public highway.  The court permitted the plaintiff to put in further testimony for the purpose of supplying the omission.  The plaintiff called a witness who testified in chief that he had been a councilman of the town of Bristol; that he knew what streets were highways there; that the street where the accident occurred was a highway; that it had been such for nearly two hundred years; and was at one time the main street of the town.  In cross-examination he testified, in reply to a question whether he knew how it became a highway, that it was by deed of gift from the first proprietors; that the land comprising the town was bought by four proprietors; that they deeded to the town, by published deed, certain highways as main streets, and that this was one of those streets. He admitted that the use of the street had diminished in more recent times, but testified in effect that it was still in common use as a street.  The defendant sets forth in his bill of exceptions that he objected to the opening of the case, as above stated, for further testimony, and excepted to the court's permitting the witness to testify, to the witness's testifying when called, and to

his testimony. The court, however, in allowing the bill of exceptions, states that it is allowed in connection with the report of evidence and charge; and a reference to the report of the evidence, which seems to be *verbatim*, does not disclose any objection to any question put to, or to any answer given by, the witness last called.

We are of the opinion that it was entirely within the discretion of the court to open the case for further testimony. The counsel for the plaintiff says, in excuse for the omission, that it was conceded at the former trial, without contest, that the place of the accident was a part of the public highway, and he was thus put off his guard. It is quite common for the court to allow a party to submit further testimony after he has rested, when his opponent attempts to take advantage of some formal point which has been inadvertently overlooked, since it is, or ought to be, the aim of the court, in ordering the course of proof, to further, not defeat, the ends of justice. *Town of Hopkinton* v. *Waite*, 6 R. I. 374; *Mowry* v. *Home Life Insurance Co.* 9 R. I. 346. The record states also, as we have seen, that the defendant excepted to the witness's testifying, and to his testimony. We presume that the exception to the witness's testifying is the exception which we have just discussed put in another form, for no objection appears to the competency of the witness. The exception to his testimony seems to have been taken, not to any particular part or parts as given, but to the whole after it was given. We doubt if such a mode of excepting is ever allowable; but, if so, it is only so when the whole testimony is illegal in substance as well as form. Here the witness testified that the street where the accident occurred was a highway, that it had been such for nearly two hundred years, and was formerly the main street of the town. It is inferable, from the fact that the street was formerly the main street in the town, that it is a very ancient highway. Of course the witness could not testify from his own knowledge that it had been a highway for two hundred years, but he might so testify from common reputation or tradition; for the easement of a highway is a public easement, and provable as such by reputation. 1 Greenleaf on Evidence, § 128. In *State* v. *The Town of Cumberland*, 6 R. I. 496, it was decided by this court that proof that

a highway has been immemorially used as such by the public, and has been immemorially repaired by the town, is sufficient to establish its existence, and the liability of the town to keep it in repair. The testimony cited tended to show immemorial use, which is one step in the proof required; and, though the record does not show that any evidence was offered to prove that the town had assumed the burden of repair by repairing, which was the next step, it may be presumed that such proof was not insisted on, since no exception was taken to the want of it. At any rate, as no such exception was taken, we cannot consider the want of it here. The testimony that the street became a highway by deed of gift from the proprietors was given in response to a question put by the defendant, and is not subject to exception by him. We do not think that either of the exceptions mentioned can be sustained.

In the course of the trial the defendant asked a witness, called by him, if the plaintiff was a man of intemperate habits. The plaintiff objected, and the court sustained the objection. We do not think the court erred. If the plaintiff was sober when he fell, the fact that he was of intemperate habits would not preclude his recovering; and we do not think the mere proof that he was of intemperate habits would warrant the inference that he was not sober. The accident occurred in the early morning, and the sidewalk was admittedly glazed with ice.

Other exceptions are for refusals to instruct the jury as requested by the defendant. The charge given by the court is reported in full in the bill of exceptions. In our opinion it fully and correctly covers all the contested points of the case. It not only instructs the jury generally in the law as laid down by this court in the former trial here, but also particularly as follows, to wit: that the jury, in order to find for the plaintiff, must, besides finding that the place of the accident was a part of the public highway, find that the highway was defective there; that the defect was the cause, or one of the approximate causes, of the accident; and that the plaintiff did not contribute to the accident by any fault of his own. We think the instructions given were all that the case required, and that the instructions requested, in so far as they differed from the instructions given, were properly

refused for that reason; and, in so far as they were the same in effect, though couched in different language, were properly refused because they were superfluous, or because they were calculated to embarrass and confuse the jurors. A request may embody a proposition which is good law, and which is entirely applicable to the case, and yet be properly refused because it merely repeats an instruction already given, in language less suited to the comprehension of the jury, or because, while repeating, it dislocates the instruction from its connection with the rest of the charge, so that the jury may not appreciate its proper bearing. And this remark is especially applicable to requests which present abstract statements of the law taken from legal text-books or opinions expressed in learned or technical phraseology, rather than in the plain vernacular of the people.

One exception is because the court, though requested, refused to instruct the jury as follows, to wit : "If a person knows a way to be dangerous when he enters upon it, he cannot in ordinary prudence proceed and take his chance, and, if he shall actually sustain damage, look to the town for indemnity." The instruction requested is an abstract proposition. As applied to the case it means, of course, that the plaintiff was not entitled to recover if he knew, when he went upon the sidewalk, that it was dangerous for him to walk upon it by reason of the ice and hole there; because for him to do so, knowing this, was contributory negligence, or a voluntary assumption of the risk. We think the court did right in leaving the matter to the jury to decide instead of deciding it as a matter of law. Undoubtedly there are acts which so unquestionably amount to contributory negligence that the court may say they amount to it; but we do not think the plaintiff's act was one of them. See cases cited for the plaintiff on this point.[1]                                 *Exceptions overruled.*

*Henry W. Hayes*, for plaintiff.

*Samuel P. Colt & Samuel Norris, Jun.*, for defendant.

[1] *Mahoney* v. *Metropolitan R. R. Co.* 104 Mass. 73; *Street* v. *Holyoke*, 105 Mass. 82; *Evans* v. *City of Utica*, 69 N. Y. 166; *Weed* v. *Village of Ballston Spa*, 76 N. Y. 329 ; *Walker et ux.* v. *Westfield*, 39 Vt. 246 ; *Humphreys* v. *Armstrong County*, 56 Pa. St. 204; *Lyman* v. *Amherst*, 107 Mass. 339–345; *Britton* v. *Cummington*, Ib. 347; *Dooley* v. *City of Meriden*, 44 Conn. 117; *Osage*

*City* v. *Brown*, 27 Kans. 74; *Holmes* v. *Clarke*, 6 H. & N. 349; *Dewire* v. *Bailey*, 131 Mass. 169; *Kelly* v. *Southern Minn. R. R. Co.* 28 Minn. 98 ; *Owen* v. *City of Chicago*, 10 Ill. App. 465, 472; *Kavenaugh et ux.* v. *City of Janesville*, 24 Wisc. 618; *Wheeler* v. *Town of Westport*, 30 Wisc. 392; *Maultby* v. *City of Leavenworth*, 28 Kans. 745; *Clayards* v. *Dethick*, 12 Q. B. 439.