LAWRENCE CLARK *v.* THE UNION FERRY CO. OF BROOKLYN.

The owner of a young horse, timid and easily frightened, is guilty of no negligence in taking it upon a ferry-boat.

If such horse is injured through the negligence of the ferry, the company is liable therefor.

THIS was an action for damages for the loss of plaintiff's horse, &c., from defendant's boat.

The plaintiff was on defendant's boat, with his horse and cart, to cross the ferry. The horse was young, and as plaintiff was attempting to drive him off of the boat, he reared up, became frightened and backed against the chain at the rear of the boat. The chain broke, from a defect in the iron, which was, as the witness termed it, "half puddled iron, and very roughly half puddled." There was no dispute as to this defect. There was contradictory evidence as to the management of the horse by the plaintiff — one witness of the defendant saying the plaintiff was behind the horse and pulling him back — another, that plaintiff had hold of the reins about a foot from the head-stall. The defendant's counsel moved for a nonsuit, on the ground that the vicious conduct of the horse, and his bad and unskillful management by the plaintiff, contributed to the injury. The court denied the motion and the defendant excepted. The jury found for the plaintiff, and, on appeal, the General Term affirmed the judgment. The defendant appeals to this court.

*N. B. Morse, Jr.*, for the defendant and appellant.

*P. S. Crooke*, for the respondent.

PECKHAM, J.   An individual has a right to take a young horse on a ferry-boat.   He may be timid, easily frightened, and yet the owner is guilty of no negligence in taking him on the boat.   He must there exercise proper care in the management of the horse, and that is all that can be required of him.   If he then be injured or lost through the negligence of the defendant, the ferry, the defendant, is liable.   The negligence of the defendant here, in not having a proper hook in its chain, was clearly proved and not controverted.

As to the negligence or unskillful conduct of the plaintiff in the management of the horse, there was contradictory evidence rendering the case proper for the jury.   The court properly submitted that question to the jury, as we must presume, as no exception was taken to the charge.

The judgment of the Supreme Court should, therefore, be affirmed.

Judgment affirmed.