## THE CITY OF LACON

*v.*

## JESSE PAGE.

1. NEGLIGENCE—*on the part of a municipal corporation in keeping its streets in repair—when not excusable—though the injury wrought was partly owing to an accident.* The rule has been laid down by this court, that when the injury produced was the result, partly of a defect in the street, but also, partly of an accident happening, which was the primary cause, yet, the latter fact forms no excuse for the negligence of such corporation to keep its streets in proper repair, where the damage would not have been sustained but for the defect, which was the result of carelessness, and the plaintiff was guilty of no fault or negligence.

2. FORMER DECISION—*to the same effect.* The case of *The City of Joliet* v. *Verley,* 35 Ills. 63.

3. NEGLIGENCE—*where the defect is in that portion of the street set apart for a sidewalk, but which is used as a highway for both vehicles and foot passengers—liability not changed.* And the liability of the corporation is not changed by reason of the fact that the defect, in consequence of which a party, while driving his horses, which ran away, was injured, was in that portion of the street set apart and intended as a sidewalk, when such portion, instead of being used for foot passengers alone, was devoted to the common use of both teams and foot passengers.

4. SAME. While it is probable that, for defects in its sidewalks, the court would only hold a corporation liable to foot passengers, yet, when such sidewalk is devoted to the common use of vehicles and foot passengers, it is under obligations to make the passage safe for both classes of travelers.

APPEAL from the Circuit Court of Marshall County; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. N. M. LEWIS and Messrs. BANGS & SHAW, for the appellant.

Messrs. BURNS & BARNES, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The city of Lacon, having constructed a covered drain under one of its streets, allowed it to get so far out of repair that a hole about two feet long, a foot wide, and eight inches in depth, had been made in it near the edge of the street, no sidewalk having been laid. The appellee was driving his horses, with a lumber wagon, when they ran away, and one wheel of the wagon went into this hole, and, rebounding several feet into the air, threw the appellee violently to the ground and injured him. He brought this suit against the city, and recovered. We are now asked to reverse the judgment on the ground that the injury was the result, partly of the defect in the street, but also, partly of the accident that the horses ran away, and, it is urged, that the city is not liable, unless the injury is attributable solely to its own carelessness. This question was considered by this court in the case of *The City of Joliet* v. *Verley*, 35 Ill. 63, and it was there held, if there was negligence on the part of the city in keeping its streets in repair, the mere fact that it was through some accident to a person traversing the street that such negligence wrought an injury, was no excuse for the city. We entertain no doubt of the correctness of this ruling. One great reason for requiring a corporation to keep its streets in repair, is to reduce, as far as possible, the injuries that may result from the accidents so liable to occur in crowded thoroughfares. If the accident would not have caused the injury but for the defect in the street, and that defect is the result of carelessness on the part of the city, and the plaintiff has used ordinary prudence, the city must be held liable.

It is also urged, as a ground for reversal, that the hole in which the wagon wheel struck, was in that part of the street dedicated by the city ordinances for a sidewalk. If the city had, in fact, constructed a sidewalk, it is probable we should hold it liable only for injuries resulting to foot passengers from

a defect in such walk. But the evidence in this case shows that the sidewalk was in no way distinguishable from the other portions of the street; that it had not been raised above the level of the street, and that a gully on the opposite side had forced the travel so far over to the side where the hole was, that, in the event of two teams meeting, one of them would be obliged to go upon that part of the street intended for a sidewalk, and the diagram furnished us in the record shows the traveled track to touch the part designed for a sidewalk. Witnesses also speak of having driven on this part of the street, and into the very hole in question. It was also in proof that this was one of the most traveled streets in the city. Now, although the city ordinances had directed that nine feet on each side of its streets should be set apart for sidewalks, it is plain, from this evidence, that the city had, in fact, devoted the place where this accident occurred to the common use of teams and foot passengers, and so long as it did this, it was under obligation to make the passage safe for both. It may have been its duty, under the ordinance, to have set apart the nine feet for sidewalks in some manner, of which the public could have taken notice, but so long as it failed to do this, and permitted the nine feet to be used as a part of the highway for horses and vehicles, as well as men, we are of opinion that it can not shelter itself from liability for injuries of this character on the ground that the defect was in that part of the street which was intended to be, but, in fact, was not, a sidewalk; the more especially, as the defect in the street was the result of the city's own act, in first laying a drain, and then allowing it to become, and for a long time to remain, out of repair.

*Judgment affirmed.*