RICHARD KENNEDY, Appellant, *v.* THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Respondent.

Where a municipal corporation is charged with the duty of keeping a dock in a safe condition, and in consequence of a neglect to perform this duty the horse of one using the dock in the customary way is lost, without negligence of the driver, the municipality is liable, although the horse was, in consequence of sudden fright or other cause, for the moment beyond the driver's control.

In an action to recover damages for the loss of plaintiff's horse, the complaint alleged in substance, that while plaintiff was engaged in carting brick from a dock and was backing up his cart to procure a load, "his horse suddenly became unmanageable and backed off the dock," and was lost in consequence of defendant's negligence in failing to keep a string-piece on the dock; that if the dock had been secured by a string-piece the accident would not have happened, and that plaintiff and his servants made every effort to prevent the accident, but they were unavailing. The court on the trial dismissed the complaint on the pleadings and the opening of plaintiff's counsel, on the ground that the unmanagability of the horse, not the defect in the dock, caused the injury, and refused to allow plaintiff to go into proof as to the extent to which the horse was unmanageable, *held,* error; that it was to be assumed in deciding the question that it was the duty of defendant to put a string-piece on the dock, which it had negligently omitted to do, and that there was no negligence on plaintiff's part; that the fact that the horse was for the moment beyond control did not show that it was vicious or unsafe, or that the owner was careless; and that the absence of the string-piece must be deemed to have been the proximate cause of the injury.

(Submitted April 8, 1878; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover damages for the loss of a horse and cart belonging to plaintiff, alleged to have been caused by defendant's negligence.

The facts appear sufficiently in the opinion.

*Geo. S. Wilkes*, for appellant. Defendant was liable for negligence in failing to keep the dock in repair. (*Clark* v. *Un. Ferry Co.*, 35 N. Y., 485; *Wyckoff* v. *Queen's Co. Ferry Co.*, 52 id., 34; *Swords* v. *Edgar*, 59 id., 28.) The question of negligence or of contributory negligence was one for the jury. (*Totten* v. *Phipps*, 52 N. Y., 354; *Belton* v. *Baxter*, 58 id., 411; *Spooner* v. *Brooklyn City R. R. Co.*, 54 id., 230; *Thurber* v. *H. and M. R. R. Co.*, 60 id., 326; *Haycroft* v. *L. I. and M. S. R. R. Co.*, Ct. Apps., Jan. 15, 1870; *Unger* v. *Forty-second street R. R. Co.*, 51 N. Y., 497; *Hackford* v. *N. Y. C. and H. R. R. Co.*, 53 id., 654.) Only where it clearly appears from all the circumstances, or by uncontroverted evidence that the injured party has contributed to the injury, can a nonsuit be ordered. (*Massoth* v. *Prest, etc., D. and H. Canal Co.*, Ct. Apps., Apl. 14, 1876; 3 Mass., 136; 58 N. Y., 451; 47 id., 400; 5 id., 654; 45 id., 660; *Geraty* v. *P. M. and B. R. R. Co.*, 1 L. & Eq. Rep., 607.)

*Wm. C. Whitney*, for respondent. Defendant would not be liable unless it appeared that the accident would have happened if plaintiff's horse had not been so uncontrollable. (*Titus* v. *Inhabs. of Northbridge*, 97 Mass., 258, 265, 266; *Horton* v. *City of Taunton*, id., 266, 267; *Fogg* v. *Inhabs. of Nahant*, 98 id., 578–581.)

ANDREWS, J. The court on the trial erred in dismissing the complaint. The motion to dismiss was made on the pleadings and opening of plaintiff's counsel. The facts stated

in the complaint and in the opening are to be taken as true.

It appears by the complaint that the plaintiff is a cartman, and at the time of the accident was engaged in carting brick from the dock at the foot of Eighty-sixth street, East river, in the city of New York, and the complaint avers : "That while the plaintiff was backing up his cart for the purpose of loading the same with brick, his horse suddenly became unmanageable and backed off the dock into the East river and was lost." It is also averred that the loss was sustained by the negligence of the defendant in failing to have a string-piece on the dock, and that if the dock had been secured by the necessary string-piece, the loss would not have occurred. The complaint further states "that the plaintiff and his servants made every effort to prevent such accident and loss, but such efforts were unavailing."

The particular ground of the motion, and upon which the court proceeded in dismissing the complaint was, that the unmanageability of the horse, and not the defect in the dock, was the cause of the accident. The plaintiff's counsel desired to go into the proof as to the extent to which the horse was unmanageable, but he was not permitted to do so. It is to be assumed in deciding the question now presented that it was the duty of the city to put a string-piece upon the dock, and that it had negligently omitted to perform it, and also that there was no negligence on the part of the plaintiff in the management of the horse and cart. The duty imposed upon the defendant was imposed for the purpose of protecting persons and animals on the dock from falling into the water. Is the duty of protecting animals by a guard or barrier a duty owing only in respect to animals which at the time of their loss are docile and obedient, and under the absolute control of the owner? We think not. The shying of a horse, his backing or turning in consequence of a sudden fright or other cause, so as to be for a moment beyond the control of the one having him in charge, are among the most common occurrences. That a horse may on a particular

occasion do this, neither shows that the animal is vicious or generally unsafe, or that the owner is careless. It is against accidents which may happen from these common incidents in the use of horses upon docks that a barrier is especially needed.

What caused the plaintiff's horse to become unmanageable is not stated. It occurred while the plaintiff was backing up his cart, and the inference is that the plaintiff had hold of the horse at the time, and the complaint shows that if the string-piece had been there, the horse would not have been lost. The absence of the string-piece must, for the purpose of the action, be deemed to be the proximate cause of the loss. It would be refining quite too much to hold that the sudden backing of the horse, contrary to the will of the owner, was the cause of the accident, so as to relieve the defendant from liability. The city was charged with the duty of keeping the dock in a safe condition, and if in using it in the customary way the plaintiff's horse, without his negligence, was lost, the city is liable, although the horse was not at the moment obedient to the will of the owner. The cases of *Clark* v. *Union Ferry Co.* (35 N. Y., 485), and *Radway* v. *Briggs* (37 id., 256), sustain the right of the plaintiff to recover upon the facts presented.

We are not called upon to decide what the rights of an owner would be against a municipality charged with the duty of keeping a highway or public place in repair, in case of an injury to his horse, which had escaped from his control, and in running away came upon an unsafe bridge or an unguarded embankment, and was thrown into the stream or down the embankment. Injury to the horse under such circumstances at some point in its unrestrained course would be likely to happen, whether the way was in repair or not, and because it happened at the particular point where the way was insecure or out of repair, and would not have happened in the precise manner it did, except for the defect in the way, might not justify a recovery. In the case supposed it might, perhaps, be reasonably claimed that the fright of

the horse was the cause of the injury, and that the town or municipality charged with the duty of keeping the way in repair did not assume the risk of accidents under such circumstances. It is sufficient to say that this case does not call for the application of such a rule.

The judgment should be reversed, and a new trial granted.

All concur.

Judgment reversed.