## THE CITY OF MONMOUTH
### v.
### JULIA SULLIVAN.

1. STATEMENT.—This is an action to recover damages for personal injuries. The appellee, at two o'clock in the morning, being a stranger to the place, in attempting to step from the sidewalk to go to a vacant lot between two buildings fell to the ground a distance of over six feet and was injured.

2. SIDEWALKS—DUTY AND LIABILITY OF CITY.—That it is the duty of a city to exercise reasonable diligence to keep and maintain its sidewalks in reasonably safe condition for the use of those having occasion to use them for any legitimate purpose, such persons exercising at the time ordinary care for their own safety and it is only for neglect to perform such duty, and an injury resulting therefrom that creates a liability upon the part of the city.

This liability to a party injured is commensurate only with the duty owing to such person at the time and under the circumstance existing when the injury is sustained.

3. WARRANTY OF SAFETY.—That when the city builds a sidewalk, there is an invitation and an inducement for persons to use it as a way, who have occasion, and an implied warranty on the part of the city that it is reasonably safe for travelers using due care for their own safety.

4. PRESUMPTION AS TO USE.—That a sidewalk is presumed to be designed as a way for travelers only, and its sufficiency when the question is presented for judicial determination should be determined with reference to such use and purpose unless the proof shows it was allowed to be otherwise used.

5. DUTY OF CITY—FENCING STREETS AND SIDEWALKS.—That the duty of the city to furnish protection to those using its sidewalk extends to those only who use them for the well-known purposes for which they are constructed. Cities are not required to fence the streets or to erect barriers along the sidewalks sufficient to prevent travelers or others from voluntarily leaving the walk for their own convenience if they shall so desire. If there is a steep bank or other dangerous place so near the sidewalk as to make itself dangerous as a way or to expose travelers to injury that might be expected to follow as an incident to the use of the walk in such condition, the city should be required to erect a railing to protect those using the walk for the purpose for which it was designed.

City of Monmouth v. Sullivan.

6. Stepping off walk—Gross negligence.—That it was gross negligence for a person to step off the inner edge of a sidewalk at a space between two buildings without making any investigation as to the condition of the ground beneath the walk or the distance to it.

Appeal from Circuit Court of Warren county; the Hon. George W. Pleasants, Judge, presiding. Opinion filed April 6, 1881.

This was an action on the case by appellee against appellant. for injuries alleged to have been sustained by reason of a defective sidewalk. The declaration alleges, amongst other things, that it was the duty of the city where sidewalks "run along by the edge or side, or near to dangerous and deep excavations and deep pitfalls, to erect along the side of such sidewalks adjoining such excavations and pitfalls, a sufficient railing, balustrade or protection, to protect the said public, and the said citizens of Monmouth from falling, or being thrown therefrom." Also that it was the duty of the city to light and illuminate the walks in the city for the protection and safety of the citizens of the public. It further alleges that on Main street, one of the most public thoroughfares in the city, and near Union Hall, there was a dangerous pitfall, and of the depth of ten feet, entirely unprotected or separated from the walk by any railing, or. guard, and without anything to prevent any person passing along the same, from falling or stepping in said pitfall; alleges that the walk and pitfall had been in that condition for years, and that the city had notice of the fact.

The declaration sets forth the injury, as follows: "That by means of the premises, for want of such protection, railing and guards along the side of said sidewalk, and for want of proper lights on account of said dangerous pitfall so left as aforesaid, the said plaintiff, who was then and there passing along the said sidewalk, then and there fell into said pitfall hole, and descent whereby the right arm and both bones thereof of said plaintiff were then and there fractured," etc.

It appeared upon the trial that on the evening of the 12th of November, 1879, the plaintiff attended a church festival at

Union Hall in said city of Monmouth. That about two o'clock in the morning, she having occasion to attend to a call of nature, left the Hall with a young lady companion, and went along the sidewalk some fifty feet, to a vacant space between two buildings, and for the purpose of using the adjoining lot for her necessities, voluntarily stepped off the walk and fell some six feet receiving serious injuries. It further appeared that the walk itself was over thirteen feet wide and in good repair, but no railing was erected at the open space between the buildings, which space was about twelve feet wide.

The plaintiff did not ask any one where to go, although a stranger to the locality, nor did she make any investigation, to determine the height of the sidewalk or the character of the ground below, but acted upon her own judgment, and seeing the open space and the edge of the walk stepped off, knowing she was leaving the line of the walk but supposing the distance to the ground on the inside of the walk was no greater than it was upon the outside.

The plaintiff recovered below, and the city appealed to this court.

Messrs. KIRKPATRICK & HANNA, for appellant, claimed that the allegations and proofs did not correspond, and to show that it was not the duty of the city to so protect its sidewalk as to prevent the injury occurring in the manner it did, cited 1 Saunder's Pl. & Ev. 731; 1 Greenleaf on Evidence, Sec. 63 and 64; Ill. C. R. R. Co. v. Middlesworth, 43 Ill. 64; Ill. C. R. R. Co. McKee, 43 Ill. 119; Guest v. Reynolds, 68 Ill. 478; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 510; T. W. & W. R. Co. v. Jones, 76 Ill. 311; Bloomington v. Goodrich, 88 Ill. 558; Bloomington v. Reed, 2 Bradwell, 542.

That when a city provides a walk that is reasonably safe for use in the ordinary modes for the usual and ordinary purposes it has exercised such degree of care and prudence as relieves it from responsibility: Angell on Highways, Sec. 1; 2 Dillon on Mun. Corporations, Sec. 789; Centreville v. Woods, 57 Ind. 192; Rome v. Dodd, 58 Ga. 238; Craig v. Sedalia, 63 Mo. 417; Bassett v. St. Joseph, 53 Mo. 290; Sherman & Red-

field on Negligence, § 391; Com'lth v. Wilmington, 105 Mass. 599; Richards v. Enfield, 13 Gray, 344; Stickney v. Allen, 3 Allen, 374; Stackpole v. Healy, 16 Mass. 33; Norristown v. Moyer, 67 Pa. St. 359; Smith v. Leavenworth, 15 Kansas, 81; Palmer v. Andover, 2 Cush. 601; Lesie v. Lewiston, 62 Mo. 468; Aurora v. Pulfer, 56 Ill. 270; Sherman & Redfield on Negligence, § 402; 1 Addison on Torts, 228; Rowell v. Gray, 100; Shepardson v. Colerain, 13 Met. 55; Kellogg v. Northampton, 4 Gray, 65; Providence v. Clapp, 17 How. 161; Morgan v. City of Hallowell, 57 Me. 375; Stinson v. Gardner, 42 Mo. 48.

A person using a sidewalk has the right to presume that it is reasonably safe for ordinary travel throughout its entire width, but he has no right to presume that the ground beyond is on a level with the walk or safe for travel: Raymond v. Lowell, 6 Cush. 525; Forsyth. v B. & A. R. R. Co. 103 Mass. 510; Murphy v. Gloucester, 105 Mass. 470; Smith v. Wendell, 7 Cush, 498; 6 Wait's Action and Defenses, 60; Ill. C. R. R. Co. v. Hetherington, 83 Ill. 510; Ill. C. R. R. Co. v. Godfrey, 71 Ill. 500.

A trespasser cannot recover for an injury unless it is inflicted willfully: Parker v. Portland Pub. Co. 9 Central Law Journal, 108; Sweeney v. O. C. R. R. Co. 10 Allen, 368.

The following additional authorities were cited by appellant upon the points made in his brief: Butterfield v. Forrester, 11 East, 60; Chicago v. McGiven, 78 Ill. 347; Chicago v. Gavin, 1 Bradwell, 302; Sparhawk v. Salem, 1 Allen, 30; Howard v. North Bridgewater, 16 Pick. 189; Smith v. Smith, 2 Pick. 621; Freeport v. Isbell, 83 Ill. 440; Randall v. E. R. R. Co. 106 Mass. 277; Alger v. Lowell, 3 Allen, 402; Gribble v. Sioux City, 38 Iowa, 39; Grayville v. Whitaker, 85 Ill. 439.

Messrs. STEWART, PHELPS & GRIER, for appellee, claimed that if the appellee was negligent, it was only slight negligence, while the negligence of the appellant was gross, and cited the following authorities upon the rule of comparative negligence: C. & A. R. R. Co. v. Hogarth, 38 Ill. 370; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482; Cen. R. R. Co. v. Simmons, 38

Ill. 242; C. B. & Q. R. R. Co. v. Pogue, 49 Ill. 499; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. & N. W. R. R. Co. v. Harris, 54 Ill 528.

Appellant was guilty of gross negligence in leaving its sidewalk so long without a railing: Joliet v. Verley, 35 Ill. 589 Bloomington v. Bay, 42 Ill. 503; Springfield v. Le Claire, 49 Ill. 476; Chicago v. Gallagher, 44 Ill. 295; C. B. &. Q. R. R. Co. v. Lee, 87 Ill. 55.

PILLSBURY, J. The duty is imposed upon a city having control of the streets and sidewalks therein, to exercise reasonable diligence to keep and maintain the same in a reasonably safe condition for the use of those having occasion to use them for any legitimate purpose, such persons exercising at the time ordinary care for their own safety.

And it is only for a neglect to perform such duty, and an injury resulting therefrom, that creates a liability upon the part, of the city, to respond in damages. This liability to a party injured is commensurate only with the duty owing to such person at the time, and under the circumstances existing when the injury was sustained. The owner of premises, who, by his procurement or invitation expressed or implied, induces another to enter thereon, impliedly warrants that the premises are reasonably safe for the protection of the person thus acting upon such invitation, if he exercises ordinary care upon his part, and in the use of the premises confines himself to the purpose for which they appear to be designed and adapted.

The person thus entering upon premises, presumably prepared for his use as well as others, and appearing to be adapted to the purposes for which they are designed to be used, has a right to assume that the obligation resting upon the party owning them has been faithfully fulfilled. So, with streets and sidewalks in cities. The very existence of a sidewalk, built and maintained under the authority of the city for the use of pedestrians is an invitation and an inducement for persons to use it as a way, who have occasion, and an implied warranty on the part of the city that it is reasonably safe for travelers using due care for their own safety.

A sidewalk is presumably designed as a way for travelers only, and its sufficiency when the question is presented for judicial determination should be determined with reference to such use and purpose, unless the proof shows that it was allowed to be otherwise used as in city of Lacon v. Page, 48 Ill. 499.

The duty of the city to furnish protection to those using its sidewalks, extends to those only who use them for the well known purposes for which they are constructed and maintained. We do not understand that cities are required to fence the streets to prevent persons from driving out of the limits, or to erect barriers along the sidewalk sufficient to prevent travelers or others from voluntarily leaving the walk for their own convenience if they shall so desire. Where there is a steep bank or other dangerous place so near the sidewalk as to make the walk itself dangerous as a way, or to expose travelers to injury through some accident or mischance, that might be reasonably expected to follow therefrom, as incident to the use of the walk in such condition, the city should be required to erect a railing to protect those thus using the walk from such apparent danger.

If we are correct in the views above expressed concerning the duty of cities to those using its walks, the case at bar is easy of solution.

It appears from the evidence, without contradiction, that the plaintiff voluntarily stepped off the inner edge of the sidewalk, for the purpose of using the adjoining lot for her own convenience.

This lot had never been designed by the city for such use, nor were its surroundings such as to lead the plaintiff to suppose that it was intended or adapted for such, or that she could enter thereon from the sidewalk safely for such purpose, or any other. The city had done nothing, either in the construction of the walk or otherwise to induce, entice or invite the plaintiff to leave the walk at this point; neither was there anything to indicate to her, or any one else, that the space between the two buildings was a passage way for travelers, or that it could be safely used for the accommodation of persons in

the then situation of the plaintiff. The plaintiff, as it seems to us, does not occupy a more favorable position than a mere licensee, and as to such it appears to be well settled that if they enter upon premises they accept all the attending perils. Palmer v. Portland, Pub. Co. 9 Cont. L. J. 108; Balch v. Smith, 7 Hurls. & Norman, 736.

The fact that a railing was necessary at the point where the plaintiff left the sidewalk, to prevent persons passing along the walk from falling off and becoming injured through some mischance incident to travel thereon is entirely immaterial, as it does not appear that the act of the plaintiff in leaving the walk was under circumstances entitling her to claim the benefit of the obligation due from the city to the traveling public.

In the absence of a duty to perform some act or service for the security of the plaintiff, there can be no fault in non-performance so far as she is concerned, although such duty may be owing to her and others under different circumstances.

Another insuperable objection, in our opinion, exists to a recovery in this case. We deem it gross negligence for a person to step off the inner edge of a sidewalk, at a space between two buildings in a block, without making any investigation as to the condition of the ground beneath the walk or the distance to it. The plaintiff says she was a stranger to that locality and did not know how high the walk was from the ground, but she assumed that it was the same distance as at the curb-stone. There is nothing in the evidence tending to show that there was anything connected with the walk or its surroundings at that place to justify such an assumption.

It would have been a very easy matter for her and her companion to have ascertained whether it would be safe to leave the walk, and common prudence would require that they should have done so before taking the step that led to the injury.

We are of the opinion that the plaintiff has shown no right of recovery in this case, and therefore reverse the judgment of the court below, and remand the cause, without noticing minor points made in the case.

Judgment reversed.

PLEASANTS, J., took no part in the decision of this case.