No. 8847.

THE CITY OF CRAWFORDSVILLE *v.* SMITH.

CITY.—*Negligence.*— *Leaving Dangerous Excavation in Street.* — *Damages.*— Where a horse takes fright and runs away and is injured because of the negligence of a municipal corporation in leaving a dangerous excavation in a street unprotected, an action may be maintained against the corporation, if the driver of the horse exercised due care and skill in driving and managing it.

SAME.—*Streets.*—A municipal corporation is charged with the duty of maintaining its streets and highways in a reasonably safe condition for travel.

NEGLIGENCE.—*Intervening Agency.*—Where the negligence of the defendant is the cause of an injury, an action will lie, although there may have been some intervening agency.

From the Montgomery Circuit Court.

*E. C. Snyder,* for appellant.

*G. W. Paul, J. E. Humphries, J. Wright* and *J. M. Seller,* for appellee.

ELLIOTT, C. J.—The material facts stated as the cause of action are these: Appellant is a municipal corporation; one of its streets, called College street, runs up to the brink of an excavation twenty-five feet in depth; on each side of this ex-

The City of Crawfordsville *v.* Smith.

cavation College street is graded and gravelled, and is open for travel and is travelled to a point within a yard of the steep banks of the cut; that appellant has not constructed a bridge over the excavation, nor in any way guarded or protected it, but has negligently suffered it to remain open and unguarded; that on the night of the 6th day of March, 1880, appellee was driving along College street, using due care and skill, when his horse took fright, wheeled around, threw him from the buggy, ran away and into the excavation and was killed.

The contention of appellant is that the action can not be maintained, because the negligence in leaving the excavation unguarded is not the proximate cause of the injury complained of. The general rule undoubtedly is that an action will not lie, in cases of the class of which the present is a member, unless the negligence is shown to be the proximate cause of the injury. It is not difficult to state, or to understand, the rule, but its proper application to particular cases is sometimes a delicate and difficult task.

The appellant's counsel relies upon decisions of the courts of Maine and Massachusetts, and brings to our attention the following: *Bliss* v. *Wilbraham*, 8 Allen, 564; *Titus* v. *Northbridge*, 97 Mass. 258; *Fogg* v. *Nahant*, 98 Mass. 578; *Babson* v. *Rockport*, 101 Mass. 93; *Moulton* v. *Sanford*, 51 Me. 127. The decisions of the courts of these States can not exert any material influence upon the case, for the reason that they rest upon peculiar statutory provisions. *Brookville, etc., Co.* v. *Pumphrey*, 59 Ind. 78.

The case of *Baldwin* v. *Greenwoods T. P. Co.*, 40 Conn. 238, is strongly in point in appellee's favor. It was there held that a town was liable for injuries sustained by a horse taking fright, running away and falling from a defective bridge. It was there said: " Nor will the fact that the horse of the plaintiff was uncontrolled for some distance before the injury, change or in any way affect the liability of the defendants. The statute laws of our State impose upon towns and corporations the duty to keep their highways and bridges

with sufficient railings in suitable repair. This is a positive duty, and the safety of the travelling community requires that it should be rigidly enforced." This case is fully approved in the later case of *Ward* v. *The Town of North Haven,* 43 Conn. 148. The doctrine of the cases cited is that of the Supreme Court of Vermont. In *Hodge* v. *Town of Bennington,* 43 Vt. 450, it was said: "But there has been a long and unbroken line of decisions in this State, that 'if the plaintiff is in the exercise of ordinary care and prudence, and the injury is attributable to the insufficiency of the road, conspiring with some accidental cause, the defendants are liable.'" *Hunt* v. *Pownal,* 9 Vt. 411. Another New England court, that of New Hampshire, holds the same doctrine. *Winship* v. *Enfield,* 42 N. H. 197; *Kelsey* v. *Glover,* 15 Vt. 708. The New York cases declare a like rule. *Ring* v. *City of Cohoes,* 77 N. Y. 83; *Kennedy* v. *Mayor,* 73 N. Y. 365; *Clark* v. *Union Ferry Co.,* 35 N. Y. 485; *Radway* v. *Briggs,* 37 N. Y. 256. The subject has had careful investigation from the courts of Pennsylvania, and has received the same solution as that given in the cases to which we have referred. *Hey* v. *Philadelphia,* 81 Pa. St. 43; *Township of Newlin* v. *Davis,* 77 Pa. St. 317; *Lower Macungie Tp.* v. *Merkhoffer,* 71 Pa. St. 276. In Iowa the same rule is established. *Manderschid* v. *City of Dubuque,* 25 Iowa 108. This is also the doctrine of the courts of Illinois and Missouri. *Lacon* v. *Page,* 48 Ill. 499; *Chicago* v. *Gallagher,* 44 Ill. 295; *Joliet* v. *Verley,* 35 Ill. 58; *Hull* v. *Kansas City,* 54 Mo. 598. We think the rule declared in the cases we have cited is sound, and that it is in harmony with the general current of our own decisions.

It is firmly established by the adjudged cases in our own reports that a municipal corporation is charged with the duty of maintaining its streets and highways in a reasonably safe condition for travel. *City of Delphi* v. *Lowery,* 74 Ind. 520; *City of Indianapolis* v. *Dougherty,* 71 Ind. 5; *City of Logansport* v. *Dick,* 70 Ind. 65; *Grove* v. *The City of Ft. Wayne,* 45 Ind. 429.

This duty is owing to all who have a right to use the high-way, and who in using it exercise ordinary care and prudence. The right to recover for injuries resulting from a neglect of this duty can not be defeated upon the ground that some ac-cident concurred with the defective condition of the highway in producing the injury. It is well settled that where the negligence of the defendant is the cause of the injury an ac-tion will lie, although there may have been some intervening agency. *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166.

These settled principles lead to the conclusion, that where a horse takes fright and runs away and is injured because of the negligence of a municipal corporation in leaving a dan-gerous excavation in a street unprotected, an action may be maintained against the corporation, provided, of course, the driver of the horse exercised due care and skill in driving and managing it.

Judgment affirmed.