PERRY A. THOMAS AND WIFE, RESPONDENTS, v.
SPRINGVILLE CITY, APPELLANT.

NEGLIGENCE.—MUNICIPAL CORPORATIONS.—DEFECTIVE BRIDGE.—In
a suit brought for injury caused to plaintiff's wife by the neg-
ligent condition of a bridge within the defendant's corporate
limits, the evidence showed that the bridge had been repaired
in such a manner that it frightened horses, and that plaintiff's
wife · was driving across the bridge, and that the horse, a
gentle one, becoming frightened at the repaired place, backed
off the bridge, precipitating plaintiff's wife into the stream
below, from which accident she suffered injuries; *held*, that
the evidence authorized a finding of negligence on the part of
the defendant.

ID.—ID.—NOTICE.—EVIDENCE.—Where the evidence tends to show
that a horse was frightened at a defectively repaired hole in
a bridge, testimony that other horses have been frightened
before that time by the same hole, is admissible on the ques-
tion of notice to the municipal corporation, and the character
of the place, *sed quœre* in this case the agents of the city
having themselves caused the dangerous place, what bearing
upon the case had the question of notice.

ID.—ID.—INSTRUCTIONS.—An instruction in the case above which
charged the jury that negligence was want of reasonable care
and that if the bridge was left in such a condition that at
sight of it a horse might become frightened and become un-
manageable and back off the bridge, then it was the duty of
the jury to determine whether this was negligence or not, cor-
rectly stated the law without adding that if the horse shied
without sufficient cause or excuse, the city was not liable.

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial, Hon.
John W. Blackburn, judge.

*Messrs. Rawlins and Critchlow* and *Mr. J. W. N. White-
cotton,* for the appellant.

On the question of admitting the testimony of other horses shying, they cited 1 Greenleaf on Evidence, 52-448; *Parker* v. *Portland*, 31 Am. Rep. 262; *Kidder* v. *Dunstable*, 11 Gray, 342; *Aldrich* v. *Pelham*, 1 Gray, 510. They charged that the court was biased, as shown by its rulings, and evidenced certain passages in the brief, but since the court did not consider them worthy of notice, they are not inserted.

*Messrs. Williams, VanCott and Sutherland,* and *Mr. Samuel G. Thurman,* for the respondents.

The purported statement of facts in appellant's brief has merely a bowing acquaintance with the evidence; it certainly can claim no undue familiarity. The ingenious gentleman who prepared it did not confine himself to a cold recital of the bare facts in the case. He embellishes and adorns it with the delightful flowers of his fancy. As a literary production it is unique. It cannot be classified. As a work of fiction it lacks interest; as a mere history it smacks too strongly of legend and fable. (This beautiful exordium is inserted by the Reporter, because he feels a just pride that such gems of humor and artistic irony are not unknown in the musty records of the court.—Rep.) The brief then exhorts the court to turn from the appellant's rhetoric to the record of the facts. The evidence is discussed and numerous authorities cited. Counsel complains of what he characterizes as "snappish interruptions" on the part of the court. They consist, first, of an inquiry by the court of counsel as to what a certain retaining wall 30 or 40 feet up the creek has to do with the case. A very pertinent and proper inquiry, we think, under the circumstances, and one which it seems counsel himself was not able to answer satisfactorily, as no reply seems to have been vouchsafed. The second is an intimation by the court that what a witness thought about a wholly immaterial

matter and why she thought so, was not proper testimony, a proposition so self-evident that counsel himself does not discuss it in his brief. The third ·and last 'was a statement of the court, made in sustaining an objection to testimony, which seems to be conceded by the counsel himself to be improper, to the effect that comparing one bad bridge with another, does not make either of them good, a proposition which counsel with commendable good sense does not dispute.

MINER, J.:

This action is brought to recover damages claimed to have been sustained by Lavina M. Thomas and occasioned by a fall from a bridge over a streem within the corporate limits of the defendant.

The plaintiff was driving a horse attached to a carriage across this bridge, when the horse became frightened at a hole in the bridge, which had been partly covered by a plank, and backed off the bridge, causing the plaintiff to fall about ten feet into the water below.

Plaintiff claims damages on account of the unsafe and · negligent condition in which the bridge was left. The floor of the bridge had become worn out in places and had been repaired before the accident. The hole in the bridge was estimated by several witnesses to be from three to eleven inches wide and two to three feet in length. This hole had been repaired by defendant by placing plank over it in such a manner as to· leave a crack on either side, estimated by various witnesses at from one to three inches in width, through which the·water could be seen below. For about four feet at each end of the bridge where the buggy went off, the approaches to it were not protected by any railing or guard rail to prevent vehicles from going over. The horse driven by plaintiff was gentle, and it appears plaintiff was accustomed to driving horses.

The plaintiff drove upon the bridge from the east when the horse became frightened at the plank or crack in the covering, and notwithstanding the efforts of the plaintiff by the use of the whip to urge the horse over the plank, the horse backed the carriage and the occupants over the unprotected end of the bridge, precipitating the plaintiff and others into the channel of the stream about ten feet below.

The testimony shows that plaintiff received injuries. Within a short time after the accident she was prematurely delivered of a dead child, and that some three or four months thereafter she suffered a miscarriage, all of which, it is claimed, was occasioned by the injury received at the time. It also appears that had a railing been placed at the approach to the bridge the accident might have been avoided. The testimony was conflicting. Upon the trial the jury rendered a verdict in favor of the plaintiff for $2,300. Upon the motion for new trial, the court struck out the sum of $1,000, leaving a judgment for the plaintiff of $1,300.

The appellant contends that there is no evidence in the record showing negligence on the part of the city.

Upon an examination of the record and of the authorities bearing upon this question we are satisfied that there was sufficient evidence before the jury upon the question of negligence by the city in not providing a suitable railing to the approach of the bridge, and upon the question of negligence and want of proper care on the part of the city in failing to make a reasonable, proper repair of the defect in the floor of the bridge. These matters were within the special province of the jury to pass upon under the evidence given, and their verdict should not be disturbed. *Houfe* v. *Town of Folton,* (Wis.) 9 Am. Rep. 568; *Hay* v. *Philadelphia,* (Penn.) 22 Am. Rep. 733; *Kenny* v. *Mayor,* 73 N. Y. 365; *Ring* v. *City of Cohoes,* 77 N. Y. 83; *City*

of *Sterling* v. *Thomas,* 60 Ill. 264; Black, Proof and Pl. in Accident Cases, sec. 85; *Leak* v. *Rio Grande W. Ry.,* 33 Pac. Rep. 1045.

It is also contended that the court erred in allowing witness Storrs to testify that he had seen two or three horses shy at this broken place in the bridge in question.

We think this testimony was properly admitted for the purpose of showing notice to the city, and also as tending to show that this covering and crack in the bridge was an object likely to frighten horses.     The authorities seem to be practically uniform on this subject.     *Darking* v. *Westmorland,* 13 Am. Rep. 55; *Hall* v. *Portland,* 92 Am. Dec. 604; *City of Chicago* v. *Powers,* 42 Ill. 169; *City of Delphi* v. *Lovery,* (Ind.) 39 Am. Rep. 98; *City of Augusta* v. *Hafeis,* (Ga.) 34 Am. Rep. 95; *Pomfrey* v. *Saratoga,* 104 N. Y. 459; *Dist. of Columbia* v. *Arms,* 107 U. S. 519.

Exception is taken to the refusal of the court to give defendant's first and third requests.

In the first request the court was asked to direct a verdict for the defendant.     This as we have seen was properly refused.

In the third request the court was asked to charge the jury in substance that if the hole in the bridge was repaired in a reasonable and ordinary manner, so as to cause no obstruction to the reasonable and ordinary use of the bridge, and that the horse shied at the board used in its repair without sufficient cause or excuse, and backed off the bridge, then the defendant would not be liable.     The court did not give its charge in the language used, but told the jury in substance that in determining the matter they should consider the whole condition of the bridge; that the city was liable if it did not use reasonable care in making its roadways and approaches to the bridge, and the bridge itself, reasonably safe; that ordinary negligence was the want of reasonable care; that if the city was negligent

in the manner of keeping the bridge in repair and the negligent condition of the bridge caused the injury complained of, then the city was liable; that if it was left in such a condition that a horse would become frightened and unmanageable and very easily back off the bridge and cause injury, then it was the duty of the jury to determine whether it was negligence or not; that if the injury occurred in any other manner than as stated by the court, they must find for the defendant, etc.

We can see no objection to the third request as offered except that it was not broad enough to cover other features of the alleged negligence presented by the testimony. The whole charge taken together fairly presented the law of the case to the jury.

Many other errors were assigned in the record, but we have examined all that were discussed in the appellant's brief and not waived at the hearing. Upon the whole record we find no reversible error. The judgment of the district court is affirmed with costs.

BARTCH, J., and SMITH, J., concurred.