## City of Chicago v. Joseph Kohlhof.

1. SIDEWALKS—*What is Not a Reasonable Use of.*—The moving of a safe weighing 1,400 pounds over a wooden sidewalk, raised several feet above the ground, is an extraordinary use, and not such as is contemplated by law. Municipalities are only required to keep such walks reasonably safe for use in the usual manner.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Reversed. Opinion filed May 14, 1896.

### STATEMENT OF THE CASE.

This was an action to recover for personal injuries occasioned by the breaking down of a plank sidewalk while an iron safe, weighing 1,400 pounds, was being moved over such walk.

The plaintiff was assisting the owner of the safe to move it, and was injured by the breaking of the walk.

The walk was in front of No. 91, 92d street, in what is known as South Chicago. The building and safe were owned by Nestor Johnson, who testified for the plaintiff, that about two or three months before the accident he

moved this safe from the building east to No. 91, over the same sidewalk which broke at the time of the accident in question.   Johnson also testified that an election was held in his building a week before the accident, and that there was a large crowd of people around there at the election.

A city inspector testified that some two months before the accident he was under the walk, and saw a 2 x 4 timber that he should judge was rotten; that he made no report of this until after the accident; that after the accident he saw this timber, and it was not exactly rotten.

The plaintiff obtained a judgment for $3,000.

To the following question the jury answered "yes:"

" Was the moving of the safe in question across the platform such a use of a sidewalk as sidewalks are ordinarily and reasonably used for ? "

The court was asked, and refused to give, the following instruction:

" If the jury believe from the evidence that the platform on which Kohlhof was standing was strong enough and safe enough for people to walk along the same in the ordinary pursuits of life, they should find the defendant not guilty."

Roy O. West, Benjamin F. Richolson and Worth E. Caylor, attorneys for appellant.

The general rule is that under the powers usually conferred upon municipal corporations in respect to streets within their limits, it is their duty to keep them in a reasonably safe condition for use by travelers in the usual modes. Beach Pub. Corp., Sec. 1494; Dillon Munic. Corp., 4th Ed., Secs. 1008, 1019; City of Richmond v. Courtney, 32 Gratt. 792, 798; Town of Centerville v. Woods, 57 Ind. 192, 195; Raymond v. City of Lowell, 6 Cush. 524, 534; Johnson v. Haverhill, 35 N. H. 74; Wilson v. City of Wheeling, 19 W. Va. 324, 332; City of Emporia v. Schindling, 33 Kan. 485, 489; Erghott v. Mayor, etc., of N. Y., 96 N. Y. 264, 271; City of Wellington v. Gregson, 31 Kan. 99, 102; Pool v. Mayor, etc., of Jackson, 91 Tenn. 448; Cline v. Crescent City, etc., 41 La. Ann. 1031; City of Chicago v. Keefe, 114 Ill. 222.

The law affords no remedy for any injury resulting from

City of Chicago v. Kohlhof.

a use of a highway other than the ordinary mode of traveling. When a highway is opened, the public are invited to travel upon it in such manner as accords with its general design and structure; they are not invited to use it for a purpose wholly and obviously unsuited to its strength, and which was never contemplated by its builders. Megargee v. Philadelphia, 153 Pa. St. 340; McCormick v. Township of W 'shington, 112 Pa. St. 185; Clulow v. McClelland, 151 Pa. St. 583; Jackson v. Greenville, 72 Miss. 220; Sindlinger v. City of Kansas, 126 Mo. 315; Board of Commissioners, etc., v. Chipps, 131 Ind. 56; Blodgett v. Boston, 8 Allen 237; Stickney v. Salem, 3 Allen 374; Stackpole v. Healy, 16 Mass. 33; McCarthy v. Portland, 67 Me. 167.

Sidewalk, a walk for foot passengers at the side of a street or road. Black's Law Dictionary; Chaltiss v. Parker, 11 Kan. 391.

The law does not contemplate any other use of sidewalks than for the passage of persons only. City of Chicago v. Keefe, 114 Ill. 230; City of Lacon v. Page, 48 Ill. 500; City of Monmouth v. Sullivan, 8 Ill. App. 50; Gridley v. City of Bloomington, 88 Ill. 556; City of Chicago v. O'Brien, 111 Ill. 536; City of Bloomington v. Bay, 42 Ill. 507; Dillon Munic. Corp. (4th Ed.), Sec. 1008.

The law contemplates no other use of the streets than for travelers. Any other permitted use is a license, and the municipality is not liable to a mere licensee. 24 Albany Law Journal, 464; People v. Cunningham, 1 Denio 524; The King v. Russell, 6 East 427; Hawkins' Pleas of the Crown, Ch. 32, Sec. 11; Rex v. Jones, 3 Camp. 230; Commonwealth v. Passmore, 1 S. and R. (Pa.) 219; Nelson v. Godfrey, 12 Ill. 23.

Ritchie, Esher & Woolley, attorneys for appellee, contended that the specific duty resting upon every municipal corporation with regard to the streets under its control, is, that it shall exercise reasonable care to see that they are safe for lawful use, by any member of the public, for any of the purposes for which a public street is designed. Jones, Negligence of Munic. Corp., Sec. 72.

The duty does not exist merely as to travelers, but to all persons lawfully in the streets. McGuire v. Spence, 91 N. Y. 303.

It exists toward a teamster, who, after unloading his wagon, stops to draw and drink water from a hydrant. Duffy v. Dubuque, 63 Ia. 171.

And toward every person who uses a sidewalk for any purpose for which sidewalks are designed. Jones, Neg. Munic. Corp., Sec. 90.

Also to every one who is properly on a public street. Indianapolis v. Emmelman, 108 Ind. 534.

In Gregory v. Adams, 14 Gray (Mass.) 242, a bridge broke down under an elephant which weighed between five and six tons, and it was held that liability existed.

In Yordy v. Marshall County, 80 Ia. 407, plaintiff was moving a steam threshing outfit, weighing 8,250 pounds, across a country bridge, which broke down under the weight. The court below took the case from the jury, but on appeal, the Supreme Court of Iowa held that it should have been left to the jury to determine whether the county was guilty of negligence in not maintaining the bridge in a safe condition for the passage of such machinery.

In Clear v. Pine Township, 164 Pa. St. 543, a town was held liable for the breaking of a traction engine through a country bridge, the question whether such use of a bridge was reasonable and ordinary, being left to the jury.

And even in States where the only liability is held to be statutory, the word "traveler" in statutes, is held to include "every one who has occasion to pass over the highway for the purposes of business, convenience, or pleasure." Duffy v. Dubuque, 63 Ia. 175.

Under the Massachusetts statute, the highway is to be kept safe and convenient for all persons having occasion to pass over it, while engaged in any of the pursuits or duties of life. Blodgett v. Boston, 8 Allen, 240.

A traveler who gets out of his carriage and stops to pick raspberries by the wayside, is still a traveler. Britton v. Cummington, 107 Mass. 349.

Children running and playing in the streets, are held travelers in Massachusetts. Gulline v. Lowell, 144 Mass. 496; Bliss v. South Hadley, 145 Mass. 94.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In Dillon on Municipal Corporations, Vol. 2, Sec. 1019, the rule as to the obligation of cities in respect to streets is thus declared:

"It is sufficient, we think, if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and whether they are so or not is a practical question, to be determined in each case by its particular circumstances."

In City of Chicago v. Keefe, 114 Ill. 222, upon a petition for rehearing, the court say: "A sidewalk is for the passage of persons only, and we have not had in contemplation any use of it otherwise."

Notwithstanding the verdict of the jury, we think that all persons of average intelligence know that the moving of a safe weighing 1,400 pounds over a wooden sidewalk raised several feet above the ground, is extraordinary. Houses, horses and carriages are sometimes moved over sidewalks; but such walks are not designed for such purposes; they are made for the use of pedestrians; are constructed with a view to the safety and convenience of pedestrians using the walk in an ordinary manner, and are not designed or held out as capable of supporting heavy freights.

Cities are required to keep the streets reasonably safe for use in the usual manner. Beach on Public Corporations, Sec. 1494; City of Lacon v. Page, 48 Ill. 499; Megargee v. Philadelphia, 153 Pa. St. 340; McCormick v. Township of Washington, 112 Pa. St. 185; Clulow v. McClelland, 151 Pa. St. 583; Sindlinger v. City of Kansas, 126 Mo. 315; Board of Commissioners, etc., v. Chipps, 131 Ind. 56; Stickney v. Salem, 3 Allen, 374; Stackpole v. Healy, 16 Mass. 33.

In effect, the contention of appellee is that the incorpo-

rated cities and villages of this State are each obliged to keep all of their sidewalks in a safe condition for the moving of safes thereon; that is, for a use so extraordinary that it may reasonably be said that there is not one rod in ten thousand of such walk over which, as often as once a year a safe is moved.

We are asked to declare that it is the duty of cities and villages to keep all sidewalks at all times reasonably secure against such extraordinary use and strain. Such is not one of the obligations of municipal bodies.

The judgment of the Superior Court is reversed.

A judgment will be here entered on a finding of facts.