EMMA C. WILLIS *vs.* PROVIDENCE TELEGRAM PUBLISHING CO.

PROVIDENCE—NOVEMBER 29, 1897.

PRESENT:   Matteson, C. J., Stiness and Tillinghast, JJ.

A declaration alleged injuries from a collision of the defendant's horse and wagon with the plaintiff's team while the latter was lawfully standing at the side of a street, her personal injuries immediately resulting from her being hurled against the shafts of her wagon by her horse while she was holding the reins near his head to prevent him from running away ; there being the further allegation that the collision was caused by the careless management of the plaintiff's team.   On demurrer :—

*Held,* that the declaration did not show contributory negligence of the plaintiff, nor did it show that the defendant's negligence was not the primary cause of her injury.

The question of concurring causes is for the jury, under proper instructions, and cannot be determined on demurrer unless it clearly appears from the declaration that the proximate cause of the injury was the plaintiff's carelessness.

One is not necessarily guilty of negligence in trying to prevent his horse from running away when it has become frightened by a collision with another team, even though the person in charge of the horse is not in his carriage and does not actually have hold of the reins at the time of the collision.

Whether an act of the plaintiff in a given case is so rash or negligent as to prevent recovery in an action by him, is to be determined by the jury in view of all the circumstances of the case.

TRESPASS ON THE CASE for negligent management of the defendant's team.   Heard on demurrer to the declaration.

TILLINGHAST, J.   We do not think the plaintiff's declaration shows that she was guilty of contributory negligence, or that the alleged negligence of the defendant was not the proximate cause of the injury complained of.

The first count of the declaration sets out that the plaintiff's team was standing on the easterly side of Weybosset street, and that the defendant so carelessly managed and controlled its horse and wagon that the same collided with the plaintiff's wagon, demolishing it and frightening the horse attached thereto, and that the plaintiff, who took hold of the reins near the head of her horse to prevent him from running away, was by her said horse violently hurled against the shafts of her wagon and injured. She alleges that she was lawfully in the use of said highway, and that she was in the exercise of due care at the time of receiving the injury. We fail to see anything in this statement of the plaintiff's case which shows that she was guilty of contributory negligence.

The second count sets out that the plaintiff left her horse and wagon standing upon the easterly side of said street, near the corner of Dunnell's gangway, in a lawful and proper manner ; that she left her infant child sitting in said wagon, and that through the carelessness and negligence of the defendant's agent and servant in driving and managing its team, the same collided with and struck plaintiff's wagon, whereby it was broken, dragged along and turned around, and that by reason thereof the plaintiff's horse was frightened and attempted to run away, and said infant child was thrown from the seat of the wagon onto the floor thereof. And the plaintiff avers that, being apprehensive of injury to her said child by reason of the collision and of the running away of the horse, she, while in the exercise of due care, took hold of the bridle and head of said horse, for the purpose of stopping and holding him, and was injured as aforesaid.

The defendant's counsel contends that it appears from this count that the plaintiff was guilty of contributory negligence, and also that the negligence of the defendant was not the proximate cause of the injury. We do not think this is so.

The doctrine of proximate cause in cases of accident resulting from the frightening and consequent running away of horses on the highway, as deduced from the numerous

adjudications thereon, seems to be that the negligence which causes the fright and consequent running away of the horse is the proximate cause of the injury, and that this is so although some intervening cause contribute to the injury. Buswell Law of Per.Inj. § 99. At any rate, the question of concurring causes, as held by this court in *Yeaw* v. *Williams*, 15 R. I. 20, is a question for the jury, under proper instructions, and hence cannot be determined on demurrer unless, indeed, it clearly appears from the declaration that the proximate cause of the injury was the plaintiff's carelessness. See also *Wilson* v. *Newport Dock Co.*, L. R. 1 Exc. 186.

Judge Cooley, in his work on torts, states the law of proximate cause thus : "If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent." And this summary of the law is abundantly sustained by the authorities. See Addison on Torts, § 12 ; Shearman & Redfield on Neg. 2 ed. §§ 10, 33 ; *Campbell* v. *Stillwater*, 32 Minn. 308 ; *Wood* v. *R. R. Co.*, 177 Pa. St. 306 ; *Hoag* v. *R. R. Co.*, 85 Pa. St. 293 ; *Derry* v. *Flinter*, 118 Mass. 134 ; *Kennedy* v. *Mayor*, 73 N. Y. 365 ; *Sturgis* v. *Kountz*, 165 Pa. St. 358 ; *Brown* v. *R. R. Co.*, 20 Mo. App. 222 ; *Billman* v. *Railroad Co.*, 76 Ind. 166 ; 16 Am. & Eng. Ency. L. 436 and cases cited ; Jaggard on Torts, Chap. V ; *Scott* v. *Shepard*, 1 Sm. L. C. (Hare & Wal. Notes) \*549 ; *McGrew* v. *Stone*, 53 Pa. St. 436 ; *Bellefontaine R. Co.* v. *Synder*, 18 O. St. 399 ; *Cornell's Ex's* v. *R. R. & Palace Car Co.*, 93 Va. 44.

In the case of *McDonald* v. *Snelling*, 14 Allen 290, where the question as to the proximate cause of an injury, caused by a runaway horse through the negligence of the defendant, was very fully considered, the court, in overruling the demurrer to the declaration, said, amongst other things : "It is clear from numerous authorities that the mere circumstance

that there have intervened, between the wrongful cause and the injurious consequence, acts produced by the volition of animals or of human beings, does not necessarily make the result so remote that no action can be maintained. The test is to be found, not in the number of intervening events or agents, but in their character, and in the natural and probable connection between the wrong done and the injurious consequence. So long as it affirmatively appears that the mischief is attributable to the negligence, as a result which might reasonably have been foreseen as probable, the legal liability continues."

In *Mahogany* v. *Ward*, 16 R. I. 479, this court recognized the same doctrine. For while it was there held that the independent act of a responsible person arrests causation and is to be regarded as the proximate cause of the injury, the original negligence being considered merely the remote cause thereof, yet the court said that this rule "is subject to the qualification that if the intervening act is such as might reasonably have been anticipated as the natural and probable result of the original negligence, the original negligence will, notwithstanding such intervening act, be regarded as the proximate cause of the injury and will render the person guilty of it chargeable." See also *Lee* v. *Union R. R. Co.*, 12 R. I. 383.

It certainly cannot be said that a person who attempts to prevent his horse from running away, when it has become frightened by a collision with another team, is necessarily guilty of negligence, even though the person in charge of the horse is not in his carriage and does not actually have hold of the reins at the time of the collision. And this is even more clearly so when a helpless child is in the carriage, and when the first impulse of every rational person would be to prevent the horse from running away. Whether or not the act of the plaintiff in any given case is in fact a rash or even negligent one, and hence such as would prevent him from recovering in an action of this sort, is for the jury to determine in view of all the circumstances of the particular case.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*John W. Hogan*, for plaintiff.

*Charles A. Wilson and Thomas A. Jenckes*, for defendant.

